WALTER MACDONNEL vs. COMMONWEALTH.

Suffolk.    October 4, 1967. — November 9, 1967.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Practice, Criminal,* Assistance of counsel. *Constitutional Law,* Assistance of counsel.

There presently is an area of petty offences within which Massachusetts judges may constitutionally, but subject to rules promulgated by this court, exercise some discretion as to advice to defendants concerning counsel and appointment of counsel for them. [280]

A six months sentence to confinement at the State Farm for drunkenness, which had been suspended but on which the defendant was committed when the suspension was revoked, was reversed on writ of error where it appeared that the defendant had not been represented by counsel either at the time of the original conviction or at the time of revocation of the suspension of sentence and that the requirements of S. J. C. Rule 3:10 for advice to him concerning his right to counsel, and, if he was indigent, for appointment of counsel had not been satisfied. [281]

PETITION for a writ of error filed in the Supreme Judicial Court for the county of Suffolk on January 18, 1967.

The case was reserved and reported by *Cutter,* J.

The case was submitted on briefs.

*Ronald J. Chisholm* for the petitioner.

*Elliot L. Richardson,* Attorney General, & *Willie J. Davis,* Assistant Attorney General, for the Commonwealth.

MacDonnel *v.* Commonwealth.

CUTTER, J. This petition for a writ of error to reverse a conviction for drunkenness was reserved by the single justice without decision for the determination of the full court. The case is before us on the petition, assignments of error, answer, return, and a statement of agreed facts.

MacDonnel was arrested on February 7, 1966, charged with drunkenness. See G. L. c. 272, §§ 44, 45 (as amended through St. 1959, c. 313, § 10), 46, 47 (as amended through St. 1959, c. 313, § 11), and 48 (as amended through St. 1956, c. 715, § 20). On the following day, he was found guilty in the Municipal Court of the City of Boston and given a six months sentence to the State Farm at Bridgewater. Sentence was suspended and MacDonnel was placed on probation for the duration of his sentence.

On May 23, 1966, MacDonnel was again arrested for drunkenness. Before the Municipal Court of the City of Boston on May 24, he pleaded guilty and the complaint was placed on file. The suspension of the February 8 sentence was revoked, however, and MacDonnel was committed to the State Farm. He has now been released from confinement under the sentence and brings this petition "merely to clear the record."

He was not at any time, either on February 8 or May 24, represented by counsel or advised of his right to have counsel. He did not waive counsel. The record does not show whether, on either date, MacDonnel was indigent.

MacDonnel assigns as error that he was improperly deprived of the right to counsel. See Sixth and Fourteenth Amendments of the Constitution of the United States. He also contends that he was not advised of his right to counsel as required by S. J. C. Rule 3:10.[1]

---

[1] S. J. C. Rule 3:10 reads, in part, "If a defendant charged with a crime, for which a sentence of imprisonment may be imposed, appears in any court . . . the judge shall advise him of his right to counsel and assign counsel to represent him at every stage of the proceeding unless he elects to proceed without counsel or is able to obtain counsel." Rule 3:10 was formerly General Rule 10.

1. We view *Gideon* v. *Wainwright*, 372 U. S. 335, as leaving unsettled whether, in all misdemeanor cases, advice concerning counsel and the appointment of counsel is constitutionally required. The *Gideon* case involved a noncapital felony, for which Gideon had been sentenced in a Florida court (p. 337) to serve a prison term of five years. Although the language of the principal opinion is broad, at least one concurring opinion recognized (p. 351) that the Supreme Court was not then called upon to decide whether the rule of the *Gideon* case "should extend to *all* criminal cases." Subsequent action by the Supreme Court may suggest that in misdemeanor cases, not carrying the possibility of a substantial prison sentence, the *Gideon* principle need not be applied. See *Winters* v. *Beck*, 239 Ark. 1151, cert. den. 385 U. S. 907; *Cortinez* v. *Flournoy, Sheriff*, 249 La. 742, cert. den. 385 U. S. 925. See also *State* v. *DeJoseph*, 3 Conn. Cir. 624; leave to appeal den. 153 Conn. 747;[2] cert. den. 385 U. S. 982. In *Creighton* v. *North Carolina*, 257 F. Supp. 806, 809–810 (E.D. N. C.) a writ of habeas corpus was denied where the prisoner, without counsel, was sentenced to twelve months in jail for an attempted escape from jail, a misdemeanor. The escape itself would have been a felony. The court said "that some misdemeanors involve punishment which results in a substantial deprivation of liberty . . . and, in such cases, counsel should be appointed to [represent] those unable to afford adequate representation." It also recognized that some offences are "so minor that due process does not and cannot require that the guiding hand of counsel be provided." See *Fish* v. *State*, 159 So. 2d 866, 868 (Fla.); *State* v. *Bennett*, 266 N. C. 755 (no requirement of counsel in minor misdemeanor, where small fine imposed); *State* v. *Sherron*, 268 N. C. 694, 696–697.

Other cases, however, interpret the *Gideon* decision as having application to misdemeanors. These cases reject the view that the *Gideon* rule extends only to serious offences,

<hr>

[2] See *S. C.* 154 Conn. 716, where the Supreme Court of Connecticut states that DeJoseph had been found not to be indigent.

MacDonnel *v.* Commonwealth.

and hold that it applies even to minor misdemeanors where the penalty involves any considerable confinement. See *Harvey* v. *Mississippi*, 340 F. 2d 263, 264, 271 (5th Cir., "possession of whiskey", misdemeanor punishable by a fine of up to $500 and up to ninety days in jail); *McDonald* v. *Moore*, 353 F. 2d 106, 109–110 (5th Cir., sentence of six months or $250 fine for liquor offences, on pleas of guilty without counsel or advice concerning right to counsel). See also *Re Johnson*, 62 Cal. 2d 325, 329 (right to counsel not limited in California to felonies but extends to misdemeanors and even to traffic cases where serious penalties are imposed); *People* v. *Witenski*, 15 N. Y. 2d 392, 394–398 (where defendants, sentenced to jail for fifty-five days for the theft of apples worth about $2, were held entitled to advice concerning counsel and appointment of counsel if indigent). Cf. *People* v. *Letterio*, 16 N. Y. 2d 307, where the court decided that persons charged with traffic offences were not entitled to counsel.

It is obvious that if constitutional provisions are to be interpreted as requiring (a) advice concerning counsel in a multitude of routine cases involving minor misdemeanors, and (b) the appointment of counsel for indigent defendants in all such cases, there will be presented serious practical problems which may obstruct the orderly administration of criminal justice and impose unreasonable burdens upon the bar. This practical consideration must be given weight, not only in applying the *Gideon* case, but also in construing S. J. C. Rule 3:10. Unless the Supreme Court clearly extends the *Gideon* principles to cover all minor misdemeanors, we think that there remains an area of petty offences[3] within which judges in this Commonwealth, acting within constitutional limits, may exercise some discretion subject to rules promulgated by this court.

[3] For a discussion of petty offences, see *District of Columbia* v. *Clawans*, 300 U. S. 617, 623–630; 18 U. S. C. § 1 (1964) which defines a petty offence as a "misdemeanor, the penalty for which does not exceed" six months imprisonment or a fine of $500, or both. See also 18 U. S. C. § 3401 (1964); *United States* v. *Barnett*, 376 U. S. 681, 695, fn. 12; McKinzie, The Indigent Defendant's Right to Counsel in Misdemeanor Cases, 19 S. W. L. J. 593, 599–612.

2. S. J. C. Rule 3:10 has broad application. *Williams* v. *Commonwealth*, 350 Mass. 732, 737. *Mulcahy* v. *Commonwealth*, 352 Mass. 613, 614. It must be taken as meaning what it says. While in force, it must be applied in accordance with its terms.

Although the record discloses few of the facts giving rise to MacDonnel's arrest on February 7, 1966, his behavior was apparently sufficiently serious to cause the imposition of a suspended sentence for the maximum permissible State Farm term. MacDonnel, of course, would never have served any part of that sentence in actual confinement if he had observed the terms of his probation and had not repeated his offence about three and a half months later. When, however, he pleaded guilty in May, the trial judge knew that there was substantial probability that the suspension of the earlier sentence would be revoked and that MacDonnel would be committed on the six months sentence. Rule 3:10 required, at least by that time, advice to MacDonnel concerning the right to counsel and, if he was then indigent, the appointment of counsel. We rest this decision on the rule and not on constitutional grounds.

3. Because the sentence has been served, judgment on the writ of error is to be entered reversing the sentence and ordering judgment to be entered for MacDonnel with costs to him to be paid by the county of Suffolk. G. L. c. 250, § 12.

*So ordered.*