WILLIAM M. GILDAY, JR. *vs.* COMMONWEALTH. April 25, 1969. Gilday by a petition for a writ of error seeks to reverse his 1964 conviction for armed robbery because of the admission in evidence to affect his credibility (G. L. c. 233, § 21) of records of three prior convictions in which he was not represented by counsel. These were a 1951 Ohio conviction for breaking and entering and larceny in the nighttime for which he was placed on probation; a 1953 conviction in Minnesota for carrying concealed weapons for which he received a jail sentence of thirty days; and a 1954 Massachusetts conviction for assault and battery for which he was placed on probation. Objection was made only to the Ohio and Minnesota records. No ground of objection was specified. On direct appeal (G. L. c. 278, §§ 33A–33G) we affirmed. *Commonwealth* v. *Bowlen*, 351 Mass. 655, 659, cert. den. sub nom. *Gilday* v. *Massachusetts*, 389 U. S. 916, reh. den. 389 U. S. 1010. These decisions foreclose all but constitutional issues. After our decision, *Burgett* v. *Texas*, 389 U. S. 109, was decided. The single justice who heard this petition for a writ of error found that Gilday had no counsel and was impecunious at the time of each conviction. Although we are not in agreement as to the implications of the *Burgett* case for the present issues, we conclude in any event that the use of the not very serious records now attacked was "harmless beyond a reasonable doubt" (see *Chapman* v. *California*, 386 U. S. 18, 24). There was strong evidence of guilt and there were admitted without objection two serious Massachusetts felony records for which concurrent sentences (the longer, ten to twelve years) were imposed. Further, the Ohio record, the only felony record now attacked, recited that Gilday appeared "with his counsel." The single justice found that Gilday, then in the military service, was accompanied in court by an Air Force major. The disposition indicates effective representation. In view of the existing uncertainty concerning the *Burgett* case, no record of prior conviction henceforth should be offered to impeach credibility unless the witness thus attacked can be shown to have had or waived counsel in the proceedings certified by the record.

*Judgment affirmed.*

*Chester C. Paris* for the petitioner.

*Willie J. Davis*, Assistant Attorney General (*Bruce G. McNeill*, Deputy Assistant Attorney General, with him), for the Commonwealth.