CITY OF CLEVELAND, APPELLEE, *v.* WHIPKEY, APPELLANT.

[Cite as Cleveland v. Whipkey (1972), 29 Ohio App. 2d 79.]

(No. 30281—Decided January 27, 1972.)

Mr. *Clarence L. James, Jr.*, law director, and *Mr. Everett A. Chandler,* police prosecutor, for appellee.
*Messrs. Gill, Keenan & Corrigan,* for appellant.

KRENZLER, J. This is an appeal from the Cleveland Municipal Court (Traffic Division).

Defendant appellant, Ronald P. Whipkey, hereinafter referred to as defendant, was arrested on July 30, 1969, at 1:25 a. m., and was issued a uniform traffic ticket for racing an automobile at speeds up to 60 miles per hour, in violation of Ordinance 9.1311 of the City of Cleveland.[1]

Defendant appeared in Cleveland Municipal Traffic Court on July 30, 1969, at 9:00 a. m. He plead guilty, was fined $75.00 and costs, and his driver's license was suspended for 30 days.

On August 4, 1969, defendant filed a motion to vacate judgment and to grant a new trial, which motion was overruled on September 12, 1969.

On September 22, 1969, a notice of appeal was filed in this court.

It is noted that defendant was not represented by counsel at the time he entered his plea of guilty and the record is silent as to whether the trial judge gave any explanation to the defendant of his constitutional or statutory rights before he accepted the plea of guilty.

The record before this court contains only the affidavit and uniform traffic ticket and the docket of the journal entries. There is no bill of exceptions or transcript of proceedings either in verbatim or narrative form.

Defendant contends that he did not understand the nature and consequences of his plea of guilty, and has assigned as error that the trial court abused its discretion

---

[1]Ordinance 9.1311:

"Whoever shall operate a motor vehicle in a race or whoever shall cause a motor vehicle to be raced within the limits of the City of Cleveland shall be guilty of a misdemeanor and upon conviction thereof shall be fined not less than Fifty Dollars ($50.00) nor more than Two Hundred Dollars ($200.00) or imprisoned not less than ten (10) days or more than sixty (60) days."

in not vacating the guilty plea and in not granting a new trial.

In order to decide the issues in this case we must determine whether any of the defendant's federal constitutional rights were violated and/or whether the trial court complied with the mandatory provisions of R. C. 2937.02-.07.

The issues involved in this appeal are:

1. Do the federal rights and privileges contained in the Fifth and Sixth Amendments of the United States Constitution apply in state misdemeanor prosecutions?

2. Will a guilty plea to a misdemeanor be presumed valid under federal constitutional standards when there is no transcript of proceedings (silent record)?

3. Will the judge's failure to comply with the provisions of R. C. 2937.02-.07 invalidate a plea of guilty?

4. Will the trial judge be presumed to have complied with R. C. 2937.02-.07 absent an affirmative showing of compliance in the record?

We will first decide whether any of the defendant's federal constitutional rights have been violated.

The Fifth and Sixth Amendments of the United States Constitution guarantee an accused the privilege against self-incrimination, the right to a trial by jury, the right to assistance of counsel, the right to confront witnesses against him and the right to be informed of the nature and cause of the accusation.

Federal constitutional rights enumerated in the Fifth and Sixth Amendments have been held applicable to state court proceedings by virtue of the Fourteenth Amendment, as follows:

1. Right to counsel. *Gideon* v. *Wainwright* (1963), 372 U. S. 335; *Chandler* v. *Fretag* (1954), 348 U. S. 3; *Powell* v. *Alabama* (1932), 287 U. S. 45.

2. Right to a trial by jury. *Duncan* v. *Louisiana* (1968), 391 U. S. 145. This right is not extended to prosecutions for petty crimes. *Duncan* v. *Louisiana, supra,* and *Dyke* v. *Taylor Implement Mfg. Co.* (1968), 391 U. S. 216. A six-month sentence was considered petty. *Baldwin* v. *New*

*York* (1970), 399 U. S. 66; *Bloom* v. *Illinois* (1968), 391 U. S. 194; *Cheff* v. *Schnackenberg* (1966), 384 U. S. 373.

3. Right to confront one's accusers. *Pointer* v. *Texas* (1965), 380 U. S. 400.

4. Privilege against self-incrimination *Malloy* v. *Hogan* (1964), 378 U. S. 1.

An accused's constitutional rights apply whether he is tried or enters a plea of guilty. A denial of any of the foregoing constitutional rights would constitute prejudicial error and invalidate a conviction in a trial or a plea of guilty.

Any or all of the foregoing rights and privileges can be waived by a defendant. A defendant who enters a plea of guilty simultaneously waives several constitutional rights including, but not limited to, his privilege against self-incrimination, his right to a trial by jury, his right to confront his accusers and his right to counsel. *McCarthy* v. *United States* (1969), 394 U. S. 459; *Boykin* v. *Alabama* (1969), 395 U. S. 238.

For a waiver of constitutional rights to be valid under the due process clause there must be an intentional relinquishment or abandonment of a known right or privilege. The waiver must be voluntarily, intelligently and knowingly made and the defendant must understand the nature of the charges against him and the consequences of his plea of guilty. Otherwise, it is in violation of due process and is therefore void. The court has a duty to advise the defendant of his constitutional rights and must make sure that he knowingly, intentionally and voluntarily waives his constitutional rights before it accepts the plea of guilty. This protective duty imposes the serious and weighty responsibility on the trial judge of determining whether there was an intelligent and understanding waiver by the accused. While accused persons may waive their constitutional rights the question of whether there is a proper waiver should be clearly determined by the trial courts, and it would be fitting and appropriate for the determination to appear affirmatively in the record. Courts indulge every reasonable presumption against a waiver of

fundamental constitutional rights and do not presume acquiescence in the loss of fundamental rights. The record must disclose that the defendant voluntarily and understandingly entered a guilty plea. There must be an allegation or showing of affirmative waivers of constitutional rights, otherwise, a judgment of conviction based upon a guilty plea is unconstitutional and the accused is entitled to relief therefrom. A waiver of constitutional rights will not be presumed from a silent record. See *Boykin* v. *Alabama, supra; McCarthy* v. *United States, supra; Gideon* v. *Wainwright, supra; Carnley* v. *Cochran* (1962), 369 U. S. 506; *Johnson* v. *Zerbst* (1938), 304 U. S. 458.

We must now decide whether the federal constitutional rights and privileges contained in the Fifth and Sixth Amendments apply to misdemeanors.

The Supreme Court of the United States has not ruled on this issue. All of the foregoing cases deciding federal constitutional issues involved felonies and not misdemeanors. The Supreme Court, however, did not limit its decisions to felonies nor did it include or exclude misdemeanors. The court only made flat assertions that these rights and privileges applied to criminal cases.

Academically, and based on sound legal reasoning, these same rules should apply to misdemeanors as well as felonies. Valid reasons have not been presented why the Supreme Court rules regarding waivers of constitutional rights should not apply to misdemeanors as well as to felonies. The labels of "misdemeanor" and "felony" should not control whether a defendant is entitled to all of his constitutional rights.

There are however, two areas of limitation. The right to a trial by jury, as noted above, applies to all criminal prosecutions other than for petty crimes. *Dyke* v. *Taylor Implement Mfg. Co., supra.* The offense in the present case would be considered a petty crime by federal constitutional standards and defendant would not be entitled to a trial by jury. The court would not have to advise defendant of his right to trial by jury.

The right to counsel in criminal cases is recognized

by the United States Supreme Court, and the trial judge has an obligation to advise the defendant first that he has a right to counsel, and secondly, that this right extends to retained counsel, or appointed counsel if the defendant is indigent.

The Supreme Court of the United States had an opportunity to decide whether the right to appointed counsel for an indigent applied to misdemeanors but it refused to certify. *Winters* v. *Beck* (1966), 385 U. S. 907. Justice Potter Stewart dissented and stated that the Supreme Court had a duty to clarify the scope of *Gideon* v. *Wainwright*. But see *State, ex rel. Argersinger,* v. *Hamlin* (Fla. 1970), 236 So. 2d 442, certiorari allowed, 401 U. S. 908 (1971). Inferior federal and state courts are divided on this issue. See *James* v. *Headley* (5th Cir. 1969), 410 F. 2d 325; *Beck* v. *Winters* (8th Cir. 1969), 407 F. 2d 125; cert. den. June 16, 1969, 395 U. S. 963; *Harvey* v. *Mississippi* (5th Cir. 1965), 340 F. 2d 263; *People* v. *Dupree* (1969), 42 Ill. 2d 249, 246 N. E. 2d 281; *MacDonnel* v. *Commonwealth* (1967), 353 Mass. 277, 230 N. E. 2d 821; *People* v. *Letterio* (1965), 16 N. Y. 2d 307, 213 N. E. 2d 670; *In re Johnson* (1965), 62 Cal. 2d 325, 398 P. 2d 420; *Alexander* v. *City of Anchorage*, 10 Crim. L. Rptr. 2180 (Alaska, Nov. 19, 1971). The Ohio Supreme Court has not ruled on this issue, and this issue need not be decided in this appeal.

It is our holding that under the Fifth and Sixth Amendments of the United States Constitution a defendant in a misdemeanor case is entitled to be advised by the trial court of his rights and privileges, including the privilege against self-incrimination, right to trial by jury in all but petty crimes, right to be informed of the nature of the charge against him, right to confront witnesses against him and the right to the assistance of counsel for his defense.

There is nothing in the record to show that the court advised the defendant of his constitutional rights, and since we have a silent record it is impossible to determine whether the defendant affirmatively waived his constitutional rights. His waiver will not be presumed from this

silent record. Based on federal constitutional standards, the defendant's plea of guilty is invalid.

We will now turn our attention to Chapter 2937 of the Revised Code, entitled "Preliminary Examination," which involves proceedings before the trial court in both felonies and misdemeanors.[2]

After a person has been arrested and taken before a court or magistrate, or when an accused appears in court pursuant to the terms of a summons or notice, after an affidavit or complaint has been filed, the court or magistrate must do several things before proceeding further. R. C. 2937.02. The judge must do as follows:

1. Inform the accused of the nature of the charge against him.

2. Inform the accused of the identity of the complainant.

3. Permit the accused, or his counsel, to see and read the affidavit or complaint or a copy thereof.

4. Inform the accused of his right to have counsel and the right to a continuance in the proceedings to secure counsel.

5. Inform the accused of the effect of the pleas of guilty and not guilty and no contest.

6. Inform the accused of his right to a trial by jury and the necessity of making a written demand for a trial by jury.

It is noted that the foregoing provisions are similar to the Fifth and Sixth Amendments of the United States Constitution.

---

[2]Section 2937.02. "When, after arrest, the accused is taken before a court or magistrate, or when the accused appears pursuant to terms of summons or notice, the affidavit or complaint being first filed, the court or magistrate shall, before proceeding further:

"(A) Inform the accused of the nature of the charge against him and the identity of the complainant and permit the accused or his counsel to see and read the affidavit or complaint or a copy thereof;

"(B) Inform the accused of his right to have counsel and the right to a continuance in the proceedings to secure counsel;

"(C) Inform the accused of the effect of pleas of guilty, not guilty, and no contest, of his right to trial by jury, and the necessity of making written demand therefor; * * *"

After all motions are disposed of or if no motion is presented, the court or magistrate shall then require the accused to plead to the charge, R. C. 2937.06. The entry of any plea under R. C. 2937.06 constitutes a waiver of any objection which could be taken advantage of by a motion under R C. 2937.04.

If the accused pleads guilty to a misdemeanor the court shall receive and enter such plea. R. C. 2937.07. Upon a plea of guilty being received the court or magistrate shall then call for an explanation of circumstances of the offense from the affiant or complainant, and after hearing this explanation, together with any statement of the accused, shall proceed to pronounce sentence or continue the matter for the purpose of imposing sentence or admitting the defendant to probation. R. C. 2937.07.

The foregoing clearly sets forth the procedures that must take place before the trial court can accept a guilty plea by a defendant in a misdemeanor case.

It is noted that while the defendant would not be entitled to a trial by jury under federal constitutional standards, he would be entitled to a trial by jury under Ohio law.

R. C. 2945.17 provides that an accused has a right to a trial by jury in all cases involving violation of a state statute or any ordinance of any municipal corporation, except in cases in which the penalty involved does not exceed a fine of $50.00. This is in contrast to the federal rule concerning "petty crimes." Naturally, the defendant could waive his right to trial by jury at the time of trial or by entering a plea of guilty.

While the issue of the notification to an accused that he has the right to the assistance of counsel in a misdemeanor case has not been resolved by the United States Supreme Court, it is noted that the Ohio Constitution and statutes cover this issue.

Section 10, Article I provides that any accused person shall be allowed to appear and defend in person and with counsel.

R. C. 2937.02(B) provides that the trial judge shall inform the accused of his right to have counsel and the

right to a continuance in the proceedings to secure counsel. The trial judge has at least this obligation. *Toledo* v. *Frazier* (1967), 10 Ohio App. 2d 51.

In regard to Ohio law the issue of appointed counsel for indigent defendants in misdemeanors has not yet been decided by the Ohio Supreme Court. Further, this issue has not been raised nor need it be decided in this case.

We will next discuss the burden of demonstrating error in such proceedings.

Generally, the proceedings of the lower court are deemed correct unless error affirmatively appears on the face of the record. In order to justify a reversal by a reviewing court of a judgment rendered by a court of inferior jurisdiction, error must affirmatively appear to the prejudice of the complaining party. In ascertaining whether prejudicial error exists an appellate court is bound by the disclosures of the record and if there is no transcript of proceedings and the error cannot be shown in the record an appellant will not prevail. The presumption of the law is that the action of the trial court is legal until the contrary affirmatively appears, and the burden is upon one who claims the existence of error to affirmatively show such error. *Ford* v. *Ideal Aluminum, Inc.* (1966), 7 Ohio St. 2d 9; *Beach* v. *Sweeney* (1958), 167 Ohio St. 477; *Makranczy* v. *Gelfand* (1924), 109 Ohio St. 325.

However, when we are confronted with a waiver of a constitutional, statutory or other substantial or fundamental right, such waiver must affirmatively appear in the record, and it will not be presumed from a silent record. *Carnley* v. *Cochran, supra; Boykin* v. *Alabama, supra.*

R. C. 2937.02 places an affirmative duty on the trial court to follow certain procedures before accepting a plea of guilty or not guilty in felonies and misdemeanors. R. C. 2937.02 deals with fundamental and substantial rights that are akin to constitutional rights enumerated in the Fifth and Sixth Amendments of the United States Constitution. If the procedures of R. C. 2937.02-.07 were not followed, defendant's guilty plea is invalid. Inasmuch as we only have before us the docket of the journal entries and the

affidavit and no transcript of proceedings, either verbatim or narrative, we are faced with a silent record. We cannot presume from a silent record that there was a waiver of defendant's federal constitutional rights nor can we presume that the mandatory proceedings of R. C. 2937.02--.07 were followed. Further, in an appeal from a judgment of conviction in a criminal case, failure of the transcript of the proceedings to show a compliance with the mandatory statutory requirements as to the pre-trial procedure, invalidates the entire proceedings and a judgment based on a guilty plea will be reversed by the reviewing court. *State v. Magana* (1961), 115 Ohio App. 106. Defendant's plea of guilty is therefore invalid.

In addition, the Ohio Supreme Court has promulgated Rules of Practice and Procedure in Traffic Cases pursuant to R. C.. 2935.17 and 2937.46.

The notice to appear in traffic cases shall be in a form known as the "Ohio Uniform Traffic Ticket." Traffic Rule .14(a).

The Rules of Practice in Traffic Cases further provide that a municipal court may establish a violations bureau for parking and moving violations, but this bureau is prohibited from processing certain serious violations enumerated in Traffic Rule .18(b)(1)-(11).

Certain offenses, such as non-moving violations within the authority of the traffic violations bureau, may be disposed of by a violator mailing the amount of the fine and costs indicated on the ticket for such a violation. Traffic Rule .18(d)(1).

Other offenses may be disposed of at the violations bureau. The person charged shall appear in person before the violations bureau with his operator's license, and upon signing a plea of guilty and a waiver of trial form as provided for in the rules, may pay the fine established for the offense charged, together with costs. Traffic Rule .18(d)(2). The form parallels the provisions of R. C. 2937.02 and contains the following statements by the accused:

1. The reading of the affidavit and the right to be present at the trial are waived.

2. A plea of guilty is entered and the right to prosecute appeal or error proceedings is waived.

3. The accused understands the nature of the charge.

4. Accused understands he has a right to have counsel and waives his right to counsel and the right to a continuance.

5. Accused waives the right to a trial before a judge or jury.

6. Accused pleads guilty to the charge being fully aware that the guilty plea will have the same effect as a judgment and that a record will be sent to the Bureau of Motor Vehicles.

In short, the Ohio traffic rules provide that a municipal court may establish a violations bureau and a defendant may enter his appearance, enter a plea of guilty and waive his rights in writing.

In all other traffic cases, in which the traffic violations bureau does not have jurisdiction, an accused must make a personal appearance in court. Traffic Rule .19.

Violation of Ordinance 9.1311 required the accused to appear in open court and the procedures set forth in R. C. Chapter 2937 for the taking of a plea must be followed.

As noted above, for minor offenses the traffic rules require that an accused sign a written appearance, plea of guilty and waiver form that contains essentially the same items contained in R. C. 2937.02. There is thus a written record signed by the accused at the time he enters his plea of guilty. There is no valid reason why there should be less formality when a defendant appears in open court and enters a plea of guilty to more serious charges.

We recognize that crowded arraignment calendars can pose problems in the administration of justice and that it may be a burden on the trial court and time consuming for defendants to inform each defendant individually of his constitutional rights. This is particularly so in municipal courts in large cities, when there is a great volume of prosecutions for traffic violations, drunkenness and other petty offenses. However, the obligation is upon the courts to devise ways and means of advising the defendants of

their rights which will not inconvenience the defendants and the courts. One such method could be to advise all of the defendants assembled at a given time for arraignments of their constitutional rights, and to note in the record of each case that this procedure was followed.

The problem presented in this case by the silent record could also be cured if there were a stenographic or mechanical verbatim record, or a narrative transcript or some type of written form containing the required questions and answers that would reflect adequately whether the waiver of the various constitutional or statutory rights were given voluntarily and knowingly. These procedures, cr some similar procedure, would protect the rights of the accused and would lessen the burdens on the courts in appeals and postconviction proceedings. See *Bramlett* v. *Peterson* (M. D. Fla., 1969), 307 F. Supp. 1311; *In re Johnson, supra.*

We therefore reverse and remand for further proceedings according to law.

*Judgment reversed.*

JACKSON, J., concurs.

MANOS, J. Concurring. I concur in the judgment of the majority only. In a misdemeanor case a waiver of the rights enumerated in R. C. 2937.02 must affirmatively appear in the record before a waiver of these rights can be presumed. The two prerequisites before a plea of guilty can be justified are (1) that defendant was given information about his rights and (2) that he waived the receipt of such information. As to the second point a waiver can never be presumed from a silent record. See *Boykin* v. *Alabama* (1969), 395 U. S. 238; *Carnley* v. *Cochran* (1962), 369 U. S. 506; and *Johnson* v. *Zerbst* (1938), 304 U. S. 458. As to point one a silent record is used as a presumption in Ohio that the information was in fact given, however, as a matter of due process of law one cannot infer essential elements without proof and there can be no determination

based upon the complete absence of proof. See *Thompson* v. *Louisville* (1960), 362 U. S. 199.

The "due process of law" phrase found in the Fourteenth Amendment of the United States Constitution is equivalent in meaning to "due course of law" as found in Section 16, Article I of the Ohio Constitution. *In re Appropriation of Easements* (1957), 104 Ohio App. 243; *In re Pollack* (1962), 89 Ohio Law Abs. 112.

By passing R. C. 2937.02, which became effective in 1960, the Ohio Legislature has enumerated what information must be given to a defendant charged with a misdemeanor. It is noteworthy that Ohio gave these rights prior to the time that the Supreme Court of the United States, through selective incorporation, applied the Bill of Rights as a limitation upon the states. The citizens of the state of Ohio believe that the rights contained in R. C. 2937.02 are fundamental and essential for the effective administration of criminal justice. Being fundamental, the rights contained in R. C. 2937.02 are not only statutory but constitutional guarantees under Ohio's due course of law. Thus to presume from a silent record that the court advised the defendant of his rights is a denial of due course of law.

As long as the states meet the minimum standards of the federal Bill of Rights which have been incorporated through the Fourteenth Amendment and made applicable to the states, the several states of this Union may define their own standards of due process unencumbered by federal standards.

"Our holding, of course, does not affect the state's power to impose higher standards on searches and seizures than required by the federal Constitution if it chooses to do so." *Cooper* v. *California* (1967), 386 U. S. 58 at 62.

See also *Sibron* v. *New York* (1968), 392 U. S. 40; *Ker* v. *California* (1963), 374 U. S. 23.