## COMMONWEALTH vs. RICHARD L. BOUDREAU.

Worcester. March 6, 1972. — July 25, 1972.

Present: TAURO, C.J., SPIEGEL, REARDON, BRAUCHER, & HENNESSEY, JJ.

*Evidence,* Photograph; judicial discretion; On redirect examination; Leading question; Opinion: expert; Other offence; Impeachment of witness' credibility. *Practice, Criminal,* Exceptions; failure to save exception.

At the trial of an indictment charging manslaughter of a child, there was no abuse of discretion on the part of the judge, during redirect examination of the medical examiner, in admitting, merely as evidence, two photographs of the deceased child [379]; nor in allowing leading questions to the mother of the child as to whether the photographs fairly depicted the injuries to it [379–380].

At the trial of an indictment charging manslaughter, a doctor who had examined and operated on the victim was properly allowed to give his opinion that the victim had "received blows around the head." [380]

Failure of the defendant at a criminal trial to save an exception to a question after his objection had been overruled vitiated his right to a review of the question by this court. [381]

At the trial of an indictment charging manslaughter, a pathologist was properly permitted to testify that, based on his examination of the victim's body, the injuries thereto could have been sustained in the fashion described in other testimony by witnesses for the Commonwealth. [380–381]

At the trial of an indictment, where the Commonwealth introduced the records of the defendant's convictions for assault and battery and for a motor vehicle violation, which was unaccompanied by a jail sentence, to impeach his credibility, a notation of appearance of counsel on the face of the assault and battery complaint satisfied the requirement of counsel set forth in *Gilday* v. *Commonwealth,* 355 Mass. 799, and the motor vehicle conviction was harmless beyond a reasonable doubt, even if the defendant was unrepresented by counsel. [381–382]

INDICTMENT found and returned in the Superior Court on September 28, 1970.

The case was tried before *Noonan, J.*

*Conrad W. Fisher* for the defendant.

*James P. Donohue,* Assistant District Attorney, for the Commonwealth.

REARDON, J. The defendant is here on appeal under the provisions of G. L. c. 278, §§ 33A–33G. He was indicted for manslaughter in connection with the death of a fourteen month old child and was found guilty by a jury, being thereafter sentenced to the Massachusetts Correctional Institution at Walpole. We deal with the assignments of error which have been argued.

1. Assignments of errors Nos. 4 and 5 relate to the admission in evidence during redirect examination of the medical examiner of two photographs of the deceased child. The contention of the defendant is that the introduction of these photographs served no purpose except to inflame the minds of the jury. We see no indication, however, that this contention is correct. *Commonwealth* v. *Gray,* 314 Mass. 96, 98, and cases cited. *Commonwealth* v. *Jones,* 319 Mass. 228, 229. This is particularly so in view of the evidence already before the jury. *Commonwealth* v. *Gray, supra,* 97–98. *Commonwealth* v. *Murphy,* 356 Mass. 604, 609. In fact, the photographs could have served as an aid to the jury in understanding the nature of the fatal injuries suffered by the child. We made reference to this possibility in *Commonwealth* v. *Woods,* 339 Mass. 7, 10, a battered child case. In addition, the judge limited the effect of the photographs, *Commonwealth* v. *Gray, supra,* 98, and we see no abuse of discretion in their admission. *Commonwealth* v. *Sheppard,* 313 Mass. 590, 599.

The defendant recites no reason why there was impropriety in admitting the photographs in evidence during redirect examination, and we see none. See *Commonwealth* v. *Jones, supra,* 229, where we found no error in the introduction of similar photographs during a redirect examination.

2. The defendant has alleged two assignments of error, Nos. 7 and 8, in reference to two leading questions asked of the mother of the deceased child by the prosecution. "We are aware of no decision in this Commonwealth in which exceptions have been sustained because

of the allowance of leading questions." *Guiffre*, v. *Carapezza*, 298 Mass. 458, 460. See *Commonwealth* v. *Sheppard, supra*, 597. The questions asked of the child's mother are essentially whether the photographs fairly depicted the injuries to the child. The questions were within the area of wide discretion which "as matter of practical necessity we have recognized must be left to the trial judge." *Commonwealth* v. *Johnson*, 352 Mass. 311, 319.

3. The defendant's sixth assignment of error questions the propriety of the permission extended by the judge to a Dr. Stone to render his opinion on the cause of the brain injury which the child sustained. The doctor had examined the child and had performed an operation on him. The defendant cites *Commonwealth* v. *Gardner*, 350 Mass. 664, as an authority to the effect that the testimony of the doctor in this case was improper. The *Gardner* case was a rape case where a doctor had given his opinion that his patient was a victim of rape. He based his opinion upon bruises of the victim which he observed and upon the victim's statements. The opinion in the *Gardner* case was not based solely on the physical examination of the victim. This case is distinguishable. The doctor could properly give an opinion, where a layman could not, based on a physical examination of the victim, that the infant had "received blows around the head." See *Commonwealth* v. *Vaughn*, 329 Mass. 333, 335; *Commonwealth* v. *van Kooiman*, 353 Mass. 759. See also *Commonwealth* v. *Montmeny*, 360 Mass. 526, 527–530.

4. The defendant in assignments of error Nos. 10 and 11 argues his objection to certain questions asked the pathologist in regard to the causes of the child's injuries. His contention is that the opinion of the witness rested on a speculative foundation.[1]

---

[1] Assignment of error No. 10: Q. "And, Doctor, could a fracture such as that, and the hemorrhage have been caused by a fall, in your opinion?" COUNSEL FOR THE DEFENDANT: "Objection, Your Honor." THE JUDGE: "I will allow the question." COUNSEL FOR THE DEFENDANT:

Relative to assignment of error No. 10, we note that the defendant failed to take an exception after his objection to the first part of the question was overruled. Failure to except, of course, vitiates the right to a review of the question to which exception was not taken. *Commonwealth* v. *Theberge,* 330 Mass. 520, 527. *Commonwealth* v. *Underwood,* 358 Mass. 506, 509. Leach and Liacos, Handbook of Massachusetts Evidence, p. 75.

In any event, on both assignments of error we conclude that, as in the case of Dr. Stone, the pathologist having examined the body was competent to testify on the cause of the injuries. He simply stated that based on his examination they could have been sustained in the fashion described in other testimony by witnesses for the Commonwealth. "Evidence tending to show that there was nothing in the conditions disclosed at the autopsy inconsistent with the theory of the case upon the other testimony offered by the Commonwealth . . . [is] competent." *Commonwealth* v. *Cantor,* 253 Mass. 509, 513. *Commonwealth* v. *Burke,* 339 Mass. 521, 530. The questions put to, and the answers by, the pathologist were proper. "A jury could consider testimony of this character in excluding [or adopting] a hypothesis as to how death was caused." *Commonwealth* v. *Burke, supra,* 531.

5. Finally, the defendant in two assignments of error, Nos. 12 and 13, complains of the introduction in evidence of the records of two prior convictions for the limited purpose of impeaching his credibility. We note that in

---

"All right, Your Honor." WITNESS, DR. CURTIS: "Possibly, if the fall was on a small object, and a very severe fall with force on that object. It's more consistent with a blow." Q. (By COUNSEL FOR THE COMMONWEALTH): "Or a kick, Doctor?" A. "Or a kick." COUNSEL FOR THE DEFENDANT: "Your Honor, I ask that be stricken." THE JUDGE: "I will allow it to stand." COUNSEL FOR THE DEFENDANT: "Please note my exception, Your Honor." THE JUDGE: "Exception noted."

Assignment of error No. 11: Q. "Was this hemorrhage that you mentioned in the mesentery, was that consistent with a kick or a sharp blow to the stomach area?" COUNSEL FOR THE DEFENDANT: "Your Honor, I object." THE JUDGE: "Admitted." COUNSEL FOR THE DEFENDANT: "Please note my exception." THE JUDGE: "Exception noted. . . ." WITNESS, DR. CURTIS: "Yes."

such admissions it must be shown that the witness "had or waived counsel in the proceedings certified by the record," *Gilday* v. *Commonwealth*, 355 Mass. 799, applying *Burgett* v. *Texas*, 389 U. S. 109. The defendant argues that this requirement was not met.

The Commonwealth introduced two findings of guilty in the District Court. One was for assault and battery, the other for operating a motor vehicle after suspension of his license. Apparent on the face of the complaint for assault and battery appears the notation: "For defendant — D. Kurzon, Esq." which had been written into the space provided for the purpose. The requirements of the *Gilday* case are satisfied in our view on this showing.

On the motor vehicle complaint, although there is no evidence that the defendant was represented by counsel, he did not receive a jail sentence. Hence admission of the defendant's record on this charge may not be error. *Argersinger* v. *Hamlin*, 407 U. S. 25. In any event, even if such evidence were erroneously admitted, it was harmless beyond a reasonable doubt (see *Chapman* v. *California*, 386 U. S. 18, 24) in the light of the dubious significance of the violation, and in the light also of the admission of the defendant's conviction of assault and battery. See *Gilday* v. *Scafati*, 428 F. 2d 1027, 1030–1031 (1st Cir.) ; *Subilosky* v. *Moore*, 443 F. 2d 334, 336 (1st Cir.).

*Judgment affirmed.*