COMMONWEALTH *vs.* ARTHUR PINA. November 8, 1973. This is an appeal under G. L. c. 278, §§ 33A-33G, from a conviction of armed

robbery while masked, G. L. c. 265, § 17. We consider only those matters assigned as error and argued by the defendant, viz. the denial of his motion for a new trial and the denial of his motion to amend the motion for a new trial. There was no error in the denial of the motion for a new trial. The request for access to the grand jury minutes of October 1, 1968, was rightly denied. The defendant had made no appropriate motion for access to them, nor were such minutes kept at that time in the county in question. *Commonwealth* v. *Salerno,* 356 Mass. 642, 648 (1970). Witnesses' in-court identifications of photographs of the defendant were not tainted by prior identifications out of the presence of the defendant's counsel. *Commonwealth* v. *Ross,* 361 Mass. 665 (1972). *Simmons* v. *United States,* 390 U. S. 377 (1968). The attempted introduction of a conviction of the witness Ducote to impeach her credibility was correctly denied, absent a showing that she had then been represented by counsel. *Commonwealth* v. *Boudreau,* 362 Mass. 378, 381-382 (1972), *Commonwealth* v. *Deeran,* 364 Mass. 193 (1973). *Burgett* v. *Texas,* 389 U. S. 109 (1967). There is no factual basis to support the defendant's contention that he was deprived of his constitutional right to confrontation under the Sixth Amendment for the reasons that the witness Ducote allegedly testified under an alias and perjured herself by giving a false name under oath. Furthermore, the record makes it clear that she was well-known to the defendant and on friendly terms with members of his family. The motion to amend the motion for a new trial contained two assertions supported by an affidavit of one Rougeau. The first was to the effect that the witness Ducote had told the affiant that she had committed perjury at the trial in order to receive immunity from prosecution. It is not required as a matter of law that a new trial be granted simply on the basis of recantation. The question is addressed to the sound discretion of the trial judge, and we find no abuse of discretion here. *Commonwealth* v. *Robertson,* 357 Mass. 559, 562 (1970). The second assertion that Ducote had informed the affiant that she had knowledge of collusion between the defendant's counsel and the district attorney as stated in the affidavit was, as in the case of the first assertion, hearsay and would not have been admissible in that form in any event. *Commonwealth* v. *De Christoforo,* 360 Mass. 531, 541-543 (1971). Nor was the trial judge compelled to accept as true the statements made in the affidavit. *Commonwealth* v. *Bernier,* 359 Mass. 13, 16 (1971).

*Judgment affirmed.*

*Arthur Pina,* pro se.

*Lawrence I. Winokur,* Assistant District Attorney, for the Commonwealth.