COMMONWEALTH *vs.* WILLIAM G. BERNIER.

Middlesex.    January 7, 1975. — January 30, 1975.

Present: TAURO, C.J., REARDON, QUIRICO, HENNESSEY, & WILKINS, JJ.

*Evidence,* "Breathalyzer" test.

The phrase in G. L. c. 90, § 24 (1) (e), "the percentage, by weight, of alcohol in the blood," means a ratio expressed as the number of grams of alcohol per 100 cubic centimeters, or milliliters, of blood; following *Commonwealth* v. *Brooks, ante,* 423. [718-719]

COMPLAINT received and sworn to in the First District Court of Southern Middlesex on October 15, 1973.

Upon appeal, the case was tried in that court before *Tuttle,* J., and a jury of six.

The case was submitted on briefs.

*Philip R. Tetu* for the defendant.

*John J. Droney,* District Attorney, *& Terence M. Troyer & Bonnie H. MacLeod-Griffin,* Assistant District Attorneys, for the Commonwealth.

QUIRICO, J.    This case is before us on the defendant's bill of exceptions following his trial and conviction by a jury of six in the First District Court of Southern Middlesex (St. 1971, c. 659) on a complaint charging him with the misdemeanor of operating a motor vehicle on a way while under the influence of intoxicating liquor. G. L. c. 90, § 24 (1) (a), as amended by St. 1971, c. 1071, § 4. All of the exceptions relate to the admission in evidence of the results of a "chemical test or analysis of . . . [the defendant's] breath" (breathalyzer test) administered to him by a police officer after his arrest. G. L. c. 90, § 24 (1) (e) and (f), as amended by St. 1972, c. 488, §§ 1 and 2. The exceptions are overruled.

We summarize the facts stated or incorporated by reference in the sketchy bill of exceptions. On the night the defendant was arrested on the charge here involved, he

submitted himself to a breathalyzer test authorized by the statute (G. L. c. 90, § 24) on a machine manufactured by the Stephenson Corporation. The test resulted in a reading of ".11" and the result of the test was admitted in evidence over the defendant's objection. On the day of his trial and conviction by a jury of six, the defendant filed a document entitled "Defendant's Motion to Dismiss" and the judge denied the motion. The record does not indicate when this occurred with reference to the trial. The motion, despite its title and given a liberal construction, might qualify as a motion to suppress the evidence of the breathalyzer test on the following grounds stated therein: "(1) The test was done by a machine which measure[s] the volume of alcohol in the defendant's breath and not the weight as dictated by Chapter 90. (2) The test was not administered at the time of the alleged offense but rather later at a time in which the machine would give a higher reading due to oxidation by his body. . . . [A]nd if the court should find that the defendant was under the influence of alcohol, then it is logical that the defendant could not understand his Miranda warnings, thus, in such a situation a lawyer should have been provided for his protection relative to submitting to a breathalyzer examination." If the judge made any findings of fact in denying the motion, they do not appear in the record. The defendant duly excepted to the denial of the motion and to the admission of the test results.

The defendant's principal ground of objection to the admission in evidence of the breathalyzer test results, viz., that "[t]he test was done by a machine which measure[s] the volume of alcohol in the defendant's breath and not the weight" as required by the statute, is the identical objection which we considered and discussed at great length in the recent case of *Commonwealth* v. *Brooks, ante,* 423 decided after the parties filed their briefs in the present case. In the *Brooks* case we determined (a) that the words " 'evidence of the percentage, by weight, of alcohol in the defendant's blood . . .' " as used in G. L. c. 90, § 24 (1) (e), derive from a long accepted scientific usage and mean evidence of "the weight of alcohol per unit of volume" of

blood (at 428), or "the number of grams of alcohol found in 100 milliliters or cubic centimeters of blood" (at 432), (b) that the Stephenson machine actually gives the result of a test done thereon in a ratio of the weight of alcohol in the blood to the volume of blood, and (c) that such test results are admissible under the statute. Our holdings in that case are conclusive on this same issue in the present case, and it is unnecessary to discuss the issue further.[1] We do note, however, that the Commonwealth's brief effectively marshalled the arguments and authorities later accepted and followed in the *Brooks* decision.

This case was submitted to this court for decision on the briefs without oral argument on either side. The defendant's brief, exclusive of the statement of facts and conclusion, includes one typewritten page of argument. About one-half of that page of argument is devoted to the first issue which we have discussed above despite serious doubts whether we were required to do so in view of our rule that: "The court need not pass upon questions or issues not argued in briefs." S.J.C. Rule 1:13, 351 Mass. 738 (1967). *Pridgen* v. *Boston Housing Authy.* 364 Mass. 696, 716 (1974), and cases cited. The remaining half page of the defendant's argument makes passing reference to two issues which we decline to discuss for the reason that nothing in the brief reaches the level of argument on the issues, and for the equally important reason that the issues assume facts which have no basis in the bill of exceptions. We identify the issues briefly.

1. The brief in one sentence says: "Also, the reading of the alcohol content in the breath varies upward from the last intake of alcohol, to the first expired hour." There is nothing more on this issue. We may assume that the

---

[1] The statute (G. L. c. 90, § 24 [1] [e], as amended) classifies the breathalyzer test results according to the percentage of alcohol in the defendant's blood as follows: (1) if the percentage is .05 or less, there is a presumption that the defendant was not under the influence of intoxicating liquor, (2) if the percentage is more than .05 but less than .10, there is no presumption, and (3) if the percentage is .10 or more, there is a presumption that the defendant was under the influence of intoxicating liquor. The test result in this case showed a percentage of .11 thereby creating a presumption that the defendant was under the influence of intoxicating liquor.

breathalyzer test was given after the defendant was arrested, but we search the record in vain for any indication of when the defendant last drank alcoholic beverages, when he was arrested or when he was given a breathalyzer test.

2. The defendant's argument then continues with the rhetorical question: "Finally, if a person is legally drunk, how can he legally comprehend the *Miranda* warnings? (*Miranda* v. *Arizona,* 384 U. S. 436 [1966])." Perhaps the defendant intended by that question to ask us to rule that if he was drunk, he might not have been able knowingly and intelligently to waive his rights covered by the Miranda warning. Under the complaint in this case, the Commonwealth was not required to prove that the defendant was drunk (*Commonwealth* v. *Lyseth,* 250 Mass. 555, 558 [1925]), and there is nothing in the record to indicate that he was drunk.

In order to be entitled to have this court consider and decide an issue, the defendant has the twofold burden of including in a record on appeal all of the evidence, facts or information pertinent to the issue, and he must argue the issue in his brief. He has done neither as to the last two issues identified above and we therefore do not consider them. *Commonwealth* v. *Rivers,* 307 Mass. 225, 226-227 (1940). *Commonwealth* v. *Bottiglio,* 357 Mass. 593, 597 (1970).                                   *Exceptions overruled.*