COMMONWEALTH vs. DANIEL J. DELOREY.

Worcester.   September 16, 1975. — December 22, 1975.

Present: TAURO, C.J., REARDON, QUIRICO, HENNESSEY, KAPLAN, & WILKINS, JJ.

Practice, Criminal, Assistance of counsel.  Constitutional Law, Assistance of counsel.  Waiver.  Evidence, Impeachment of credibility, Prior conviction.

Discussion of decisions of this court involving claims of infirmity in prior convictions or pleas of guilty of defendants entitled to be represented by counsel who neither had counsel nor waived counsel.  [328-330]

The record of a conviction for operating a motor vehicle while under the influence of intoxicating liquor warranted a conclusion that the defendant had intentionally and knowingly waived his constitutional right to counsel during the twenty-two days before trial where it appeared that, although the defendant had not signed a waiver under S.J.C. Rule 3:10, as amended, 355 Mass. 803 (1969), and had requested assignment of counsel under the rule, the trial judge found that the defendant was able to pay for counsel and denied the request; the record was properly admitted at a subsequent trial of the defendant for a similar offense to impeach his credibility.  [330]  HENNESSEY, J., concurring.

None of the forms established by S.J.C. Rule 3:10, as amended, 355 Mass. 803 (1969), was applicable to a criminal trial in which the judge found after a hearing that the defendant was able to pay for counsel.  [330-331]

FOUR COMPLAINTS received and sworn to in the District Court of Western Worcester on November 21, 1973.

On appeal to the jury session of the Central District Court of Worcester, the cases were tried before George, J.

Conrad W. Fisher for the defendant.

John C. Fisher, Assistant District Attorney, for the Commonwealth.

QUIRICO, J. Following trial before a jury of six persons in the Central District Court of Worcester (G. L. c. 218, § 27A, inserted by St. 1972, c. 620, § 1), the defendant was found guilty on September 23, 1974, on four complaints charging him with operating a motor vehicle (a) while under the influence of intoxicating liquor, (b) at a rate of speed greater than is reasonable and proper, (c) without having a certificate of registration for the vehicle on his person or in the vehicle, and (d) the vehicle having no rear plate light, in violation of G. L. c. 90, §§ 24, 17, 11 and 7 respectively. A fine was imposed on the defendant for each of the four convictions. The case is here on a bill of exceptions alleging error by the trial judge in admitting in evidence the records of the convictions of the defendant for two prior offenses, one operating a motor vehicle while under the influence of intoxicating liquor, and the other for malicious destruction of personal property (G. L. c. 266, § 127). These two convictions were by a judge of the Central District Court of Worcester on February 20, 1973. The defendant has included no argument in his brief on the alleged error in admitting the record of his prior conviction for malicious destruction of personal property, and we therefore treat any issue based thereon as waived. S.J.C. Rule 1:13, 351 Mass. 738 (1967). *Commonwealth* v. *Bernier*, 366 Mass. 717, 719 (1975).

The record of the defendant's prior conviction on February 20, 1973, for operating a motor vehicle while under the influence of intoxicating liquor was offered by the prosecutor to impeach the defendant's credibility in accordance with G. L. c. 233, § 21. The defendant, having become a witness at his trial, became subject to impeachment under § 21, which provides that, with exceptions not here material, the record of his conviction of a crime "may be shown to affect his credibility."

The defendant contends that the record of conviction which was offered against him was inadmissible because it failed to show that at the trial for the earlier offense he

had either (a) been represented by counsel, or (b) waived the right to be represented by counsel. We hold that the judge properly found that the defendant had waived his right to be represented by counsel at the earlier trial, and that the record of his conviction at that trial was properly admitted in the later trial which resulted in the bill of exceptions now before us.

It is appropriate to note at this point that the issue before us is not whether the defendant was entitled to be represented by counsel at the trial of the present cases or the earlier cases. On the dates of the defendant's convictions, S.J.C. Rule 3:10, as amended, 355 Mass. 803 (1969), which is reproduced in the margin,[1] provided that "[i]f a defendant charged with a crime, for which a sentence of imprisonment may be imposed, appears in any court without counsel, the judge shall advise him of his right to counsel and assign counsel to represent him at every stage of the proceeding unless he elects to proceed without counsel or is able to obtain counsel." *Costarelli* v. *Municipal Court of the City of Boston,* 367 Mass. 35, 44 (1975). *Gideon* v. *Wainwright,* 372 U.S. 335 (1963).

It is undisputed that the defendant was not represented by counsel at any stage of the proceedings on the com-

---

[1] Supreme Judicial Court Rule 3:10 reads in pertinent part as follows: "If a defendant charged with a crime, for which a sentence of imprisonment may be imposed, appears in any court without counsel, the judge shall advise him of his right to counsel and assign counsel to represent him at every stage of the proceeding unless he elects to proceed without counsel or is able to obtain counsel. Before assigning counsel, the judge shall interrogate the defendant and shall satisfy himself that the defendant is unable to procure counsel. If the judge finds that the defendant is able to procure counsel, he shall make a finding to that effect which shall be filed with the papers in the case. If the defendant elects to proceed without counsel, a waiver and a certificate of the judge on a form herein established shall be signed, respectively, by the defendant and the judge and filed with the papers in the case. If the defendant elects to proceed without counsel and refuses to sign the waiver, the judge shall so certify on a form herein established, which shall be filed with the papers in the case."

plaint which culminated in his trial and conviction on February 20, 1973, for operating while under the influence. He appeared before the court on that complaint on January 4, January 29, February 7, and February 20, 1973. He did not at any time sign a waiver of his right to counsel under S.J.C. Rule 3:10 with reference to that complaint.[2] He requested the judge to assign counsel to represent him under the rule. The judge heard the defendant and received information from a probation officer on the defendant's ability to pay for counsel. On January 29, 1973, the judge found in writing that the defendant was able to pay for counsel, and the finding is filed with the papers in the case, all as required by the rule.

Basically, this is another of the many cases requiring consideration of the consequences of the rule established by the decision in *Gideon* v. *Wainwright*, 372 U.S. 335 (1963), making the right to counsel guaranteed by the Sixth Amendment to the United States Constitution applicable to States by virtue of the Fourteenth Amendment. This rule was described in *Burgett* v. *Texas*, 389 U.S. 109, 114 (1967), as "making it unconstitutional to try a person for a felony in a state court *unless he had a lawyer or had validly waived one*" (emphasis supplied). In the *Burgett* case the trial judge had admitted against the defendant, who was being tried for one felony, records showing that he had committed four prior felonies, thus subjecting him to a life sentence under a recidivism statute. The records of the four earlier convictions were silent on the question whether the

---

[2]The record on appeal reproduces a waiver of counsel signed by the defendant on January 12, 1973, and another signed by him on January 17, 1973. Neither waiver identifies the complaint to which it applies. The dates of the two waivers are dates on which the defendant appeared before the court on the complaint charging malicious destruction of personal property, and they are not dates when he appeared on the complaint charging the operation of a motor vehicle while under the influence of intoxicating liquor.

defendant had been represented by counsel in those cases. The Court said (114-115) that "[p]resuming waiver of counsel from a silent record is impermissible," and reversed the conviction.

In *Loper* v. *Beto*, 405 U.S. 473 (1972), the trial judge admitted records of prior convictions to impeach the defendant's credibility as a witness. The records were silent on the question whether the defendant was represented by counsel in those cases. In its decision in the *Loper* case the Supreme Court described the rule of the *Gideon* case (481) as "a clear and simple constitutional rule: *In the absence of a waiver,* a felony conviction is invalid if it was obtained in a court that denied the defendant the help of a lawyer" (emphasis supplied). Treating the case as one where there was no waiver by the defendant, the Court said (483) "that the use of convictions constitutionally invalid under *Gideon* v. *Wainwright* to impeach a defendant's credibility deprives him of due process of law," and it then (483) quoted from *Gilday* v. *Scafati*, 428 F.2d 1027, 1029 (1st Cir.), cert. denied, 400 U.S. 926 (1970), the statement that "[t]he absence of counsel impairs the reliability of such convictions just as much when used to impeach as when used as direct proof of guilt."

Since the *Burgett* case was decided by the United States Supreme Court, this court has also decided a number of cases involving claims of infirmity of convictions or pleas of guilty of crimes where the defendant, being entitled to be represented by counsel either under the Sixth Amendment to the United States Constitution or under S.J.C. Rule 3:10, neither had counsel nor waived his right to counsel. Some of the cases involved direct appeals from or postconviction attacks on the convictions or pleas, while others involved objections to the use of the records of convictions to impeach credibility under G. L. c. 233, § 21. Our decisions on this subject fall into three groups discussed below. In the first group we held that there was error and afforded relief, in the second we held

that if there was error it was harmless beyond a reasonable doubt, and in the third we held that there was no error.

1. In *Williams* v. *Commonwealth*, 350 Mass. 732 (1966), we set aside a probation revocation grounded on a plea of guilty, stating the following reason therefor (734): "Here the record fails to reveal whether the petitioner was indigent. There is nothing to show whether the petitioner could have retained his own counsel and chose not to do so. There is nothing to indicate that the petitioner was informed of his right to have counsel, that he elected to proceed without counsel, or that he either waived counsel or refused to sign a waiver." Substantially the same factual situation and legal result prevailed in *Cardran* v. *Commonwealth*, 356 Mass. 351, 354 (1969), *MacDonnel* v. *Commonwealth*, 353 Mass. 277, 281 (1967), and *Commonwealth* v. *Barrett*, 3 Mass. App. Ct. 8, 9-16 (1975).[a] In *Walter* v. *Bonito*, 367 Mass. 117, 123 n.1 (1975), the plaintiff called the defendant as his own witness and was then allowed to impeach his credibility by a record of his prior conviction of a crime. We held that this was error, but did so without reaching the defendant's claim that he had not been represented by counsel in the earlier case.

2. In *Subilosky* v. *Commonwealth*, 358 Mass. 390, 392-394 (1970), and *Gilday* v. *Commonwealth*, 355 Mass. 799 (1969), where records of prior convictions of the defendants in cases in which they neither had counsel nor waived their right to counsel were admitted to impeach the credibility of the defendants as witnesses, this court concluded that the improper use of such records was "harmless beyond a reasonable doubt," citing the case of *Chapman* v. *California*, 386 U.S. 18, 24 (1967). On the applicability of the "harmless error" rule to such a case, see the later decision in *Loper* v. *Beto*, 405 U.S.

---

[a] 322 N.E. 2d 89, 90-94 (1975).

473, 483 n.12 (1972), and cases cited therein. In *Commonwealth* v. *Boudreau*, 362 Mass. 378, 382 (1972), decided after the *Loper* case, there is a suggestion of the applicability of the "harmless error" rule to such a case. For a civil case in which the denial of a new trial was upheld because the error, if any, in admitting records of "uncounselled" convictions to impeach the plaintiff's credibility, had not "injuriously affected the substantial rights" of the plaintiff, see *Carey* v. *Zayre of Beverly Inc.*, 367 Mass. 125, 134-135 (1975).

3. Several cases decided by this court involved the sufficiency of the evidence to establish that a witness whom it is sought to impeach by a record of a prior conviction either "had or waived counsel in the proceeding certified by the record." *Gilday* v. *Commonwealth*, 355 Mass. 799 (1969). In *Commonwealth* v. *Boudreau*, 362 Mass. 378, 382 (1972), we held that it was sufficient that on the complaint in the earlier case there was an entry "For defendant — D. Kurzon, Esq." in the space provided for that purpose. We reached the same conclusion in *Commonwealth* v. *Deeran*, 364 Mass. 193, 197-198 (1973), where the entry on the complaint offered as the record of earlier conviction was: "I find this defendant not indigent. (signed) John W. McLeod, Justice. Defendant did not want counsel." In reaching this conclusion we said: "We find nothing in *Loper* v. *Beto* . . . [405 U.S. 473 (1972)] about any constitutional requirements that waiver of counsel be proved in any particular way. . . . In the circumstances of this case, failure to prove compliance with the formal requirements of Rule 3:10 does not prevent use of the prior conviction to impeach the defendant."

In this case, as in the *Deeran* case, the decisive question is whether there was sufficient evidence in the record of the defendant's earlier conviction to establish a waiver by him of his right to be represented by counsel. We hold that there was.

If we assume that the defendant's bill of exceptions adequately raises the question whether the evidence was sufficient to support the finding that he was able to pay for counsel, the question is not argued in his brief. By reason of that finding the defendant was not entitled to have counsel assigned to represent him at public expense. He was entitled to obtain counsel at his own expense and he had a reasonable time to do so between January 29, 1973, and his trial on February 20, 1973. We do not substitute our judgment for that of the trial judge on the factual issue whether the defendant was able to pay for counsel. We conclude that the legal effect of what occurred in this case is that the defendant intentionally and knowingly waived his constitutional right to be represented by counsel at the trial of February 20, 1973. He therefore cannot now be heard to complain that there was a constitutional defect in his conviction. For a discussion of waiver of the right to counsel, see *Schneckloth* v. *Bustamonte*, 412 U.S. 218, 235-240 (1973), and *Johnson* v. *Zerbst*, 304 U.S. 458, 464-465 (1938).

The defendant's emphasis on the absence from the record of the several forms established by S.J.C. Rule 3:10 is misplaced. The rule establishes three forms to be used by the courts in the administration of the rule. The first is a waiver to be signed by a defendant acknowledging that he has been informed of his right to have counsel appointed for him, electing to proceed without counsel, and waiving his right to such counsel. The second is a certificate to be signed by the judge to the effect that the defendant was informed of his right to have counsel appointed for him, that the defendant elected to proceed without counsel and signed a waiver of counsel. The third form is also a certificate of the judge in the same language as the second except for the last clause which certifies instead that the defendant refused to sign a waiver of counsel. Thus none of the forms applies to the facts of this case where the judge, having found that the defendant was able to pay for counsel, did

not inform him of any right to have counsel appointed for him.

By reason of our conclusions and holdings above we do not reach the other grounds on which the Commonwealth argued in support of the admissibility of the record of the defendant's prior conviction.[3]

*Exceptions overruled.*

HENNESSEY, J. (concurring). I concur in the result and the reasoning. Nevertheless, I consider it useful to comment once more, as I did in a concurring opinion in the case of *Commonwealth* v. *DiMarzo*, 364 Mass. 669, 678-683 (1974), that unfair prejudice to the defendant may result in some cases where proof of prior convictions is received for impeachment purposes. No matter how carefully the jury may be instructed as to the limited purpose of the evidence, common sense and experience indicate that jurors in some cases may well regard the prior convictions of the defendant as proof of guilt. "The danger of prejudice most clearly arises when the prior convictions [as in the instant case] are similar in nature to the indictments on trial." *Commonwealth* v. *DiMarzo, supra* at 680. I suggest once more that justice may be assisted by legislative attention to the problem. See *Commonwealth* v. *DiMarzo, supra* at 683.

---

[3] There were two other grounds argued by the Commonwealth which we do not reach. The first was that there was evidence of a waiver of counsel in the record of the earlier conviction in that the name of an attorney was written in the appropriate place therefor on the jacket of the complaint in that earlier case, the name was crossed out, and the legend "Deft. waives counsel" was stamped under the name. The second ground was that the record of the earlier conviction was admissible to show an inconsistency in a statement made by the defendant on the witness stand that he "had never been in this position before," such statement apparently being volunteered by the defendant in response to the testimony of a police officer that, while he (the police officer) was preparing a machine to administer a breathalyzer test to the defendant, the defendant "had been disinterested and had not paid close attention."