LAWRENCE T. MULCAHY *vs.* COMMONWEALTH.

Suffolk.    May 1, 1967. — June 6, 1967.

Present: WILKINS, C.J., SPALDING, KIRK, SPIEGEL, & REARDON, JJ.

*Practice, Criminal,* Assistance of counsel, Rules of court.

Only a judge can satisfy the requirement of Rule 10 of the General Rules, as amended on June 29, 1964, that "If a defendant charged with· a crime, for which a sentence of imprisonment may be imposed, appears in any court without counsel, the judge shall advise him of his right to counsel"; and sentences of imprisonment were reversed and findings of guilty were set aside where the defendant, without counsel, had pleaded not guilty and had been tried after being advised of his right to counsel by a probation officer only.

PETITION for a writ of error filed in the Supreme Judicial Court for the county of Suffolk on September 10, 1965.

The case was reserved and reported by *Whittemore, J.*

*Anthony A. McManus (Ronald J. Chisholm* with him) for the petitioner.

*Brian E. Concannon,* Special Assistant Attorney General, for the Commonwealth.

WILKINS, C.J.    This petition for writ of error in the County Court is reserved and reported without decision on the pleadings, the return of the judge of the Municipal Court of the Charlestown District, and the findings of the single justice.    On August 11, 1965, the petitioner (the defendant), after pleas of not guilty, was convicted on complaints for making threats,[1] for lewd and lascivious behavior,[2] and for breaking glass.[3]    He was sentenced on each complaint to six months in the House of Correction, the sentences to be served consecutively.    He was informed of, but waived, his right to appeal to the Superior Court, and is now serving the sentences.

The practice then prevailing in the Municipal Court of

---

[1] G. L. c. 275, §§ 2–4.

[2] G. L. c. 272, § 53 (as amended through St. 1959, c. 304, § 1).

[3] G. L. c. 266, § 114.

the Charlestown District was followed. Under that practice the probation officer informed the defendant of his right to counsel under Rule 10 of the General Rules, as amended on June 29, 1964[1] (347 Mass. 809-811), and ascer-

[1] "If a defendant charged with a crime, for which a sentence of imprisonment may be imposed, appears in any court without counsel, the judge shall advise him of his right to counsel and assign counsel to represent him at every stage of the proceeding unless he elects to proceed without counsel or is able to obtain counsel. Before assigning counsel, the judge shall interrogate the defendant and shall satisfy himself that the defendant is unable to procure counsel. If the judge finds that the defendant is able to procure counsel, he shall make a finding to that effect which shall be filed with the papers in the case. If the defendant elects to proceed without counsel, a waiver and a certificate of the judge on a form herein established shall be signed, respectively, by the defendant and the judge and filed with the papers in the case. If the defendant elects to proceed without counsel and refuses to sign the waiver, the judge shall so certify on a form herein established, which shall be filed with the papers in the case.

"The forms established by this rule shall be as follows:

COMMONWEALTH OF MASSACHUSETTS

............ss                                          ...............Court
No. ..........
COMMONWEALTH
v.
..............

WAIVER OF COUNSEL

"I, ...................., have been informed of my right, pursuant to
        Name of Defendant
General Rule 10 of the Rules of the Supreme Judicial Court, to have counsel appointed by the court to represent me at every stage of the proceedings in this case. I elect to proceed without counsel and waive my right to such appointment.

                                    Signed ........................
                                           Signature of Defendant
................ 19...
                CERTIFICATE OF JUDGE

"I, .................., hereby certify that ..................... has
        Name of Judge                          Name of Defendant
been informed of his right to have counsel appointed by the court to represent him at every stage of the proceedings in this case; that he has elected to proceed without counsel; and that he has executed the above waiver in my presence.

                                    ......................
                                       Signature of Judge
................ 19...
                COMMONWEALTH OF MASSACHUSETTS

...............ss                                      ...............Court
                CERTIFICATE OF JUDGE

"I, .................., hereby certify that ..................... has
        Name of Judge                          Name of Defendant
been informed of his right to have counsel appointed by the court to represent him at every stage of the proceedings in this case; that he has elected to proceed without counsel; and that he has refused to sign a waiver.

                                    ......................
                                       Name of Judge
................ 19..."

tained whether the defendant waived that right. When informed in the affirmative, the probation officer procured the defendant's signature on the form prescribed in Rule 10.

In this case the defendant signed the waiver in the dock before the judge entered the court room.[1] The probation officer submitted the waiver to the judge, who, when the charge was read, with the waiver before him, made inquiry of the defendant. The judge first being satisfied that a waiver had been intelligently made, and that the form was signed by the defendant, signed the certificate. The judge relied in part on his own inquiry and in part on his confidence in the probation officer. It was the judge's belief that the probation officer had told the defendant of his rights under Rule 10, and would have asked for the signature only after the defendant had stated that he waived counsel. The judge's inquiry was less full than would have been necessary had he handled all aspects of the matter under Rule 10 himself. The defendant paid little attention to the paper he signed, but he knew it was a significant court paper. He was of sufficient intelligence to understand, had he read it, that he was recording a waiver of counsel.

The issue is whether there was sufficient original compliance with Rule 10 and in particular with the requirement as to the defendant that "the judge shall advise him of his right to counsel." We are constrained to answer in the negative.

We are not in the usual position of having to discover the intent of the author of a writing. This time we are called upon to declare the purpose of a court rule of our own enunciation. In this rule the word "judge" means "judge" and leaves no room for delegation to a probation officer or to anyone. In enacting the rule our purpose was to eliminate to the greatest possible extent all questions arising from lack of representation by counsel which foreshadowed *Gideon* v. *Wainwright,* 372 U. S. 335. The need

---

[1] The certificate by the judge prescribed in Rule 10 includes the clause "that he [the defendant] has executed the above waiver in my presence."

for this petition would not have arisen had the precise requirement of the rule been closely observed. See *Commonwealth* v. *O'Leary*, 347 Mass. 387, 389–390.

> *Judgments reversed.*
> *Findings set aside.*