ANTHONY BALDASSARI *vs.* COMMONWEALTH.

Suffolk.    May 1, 1967. — June 6, 1967.

Present: WILKINS, C.J., SPALDING, KIRK, SPIEGEL, & REARDON, JJ.

*Practice, Criminal,* Assistance of counsel, Rules of court.

A sentence of imprisonment upon violation of probation imposed following a plea of guilty to a charge of nonsupport of the defendant's wife and minor children was reversed where, at the hearing on revocation of the probation, the defendant was not represented by counsel and was advised of his right to counsel only by the probation officer and not by the judge as prescribed by Rule 10 of the General Rules, as amended on June 29, 1964; but the finding of guilty of nonsupport for which probation had been imposed was not set aside since the defendant had been represented by counsel when he pleaded guilty to that charge.

PETITION for a writ of error filed in the Supreme Judicial Court for the county of Suffolk on September 10, 1965.

The case was reserved and reported by *Whittemore,* J.

*Anthony A. McManus* (*Ronald J. Chisholm* with him) for the petitioner.

*Brian E. Concannon,* Special Assistant Attorney General, for the Commonwealth.

WILKINS, C.J.    This petition for writ of error is governed as to Rule 10, as amended, by our decision this day in *Mulcahy* v. *Commonwealth, ante,* 613.    On July 27, 1964, the defendant (petitioner) appeared in the Municipal Court of the Charlestown District for violation of probation imposed in 1962 following his plea of guilty, when represented by counsel, on June 21, 1961, to the charge of nonsupport of his wife and minor children.[1]    On July 27, 1964, he was

---

[1] G. L. c. 273, § 1 (as amended through St. 1957, c. 49).

352 Mass. 617    617

Commonwealth v. Woods Hole, Martha's Vineyard & Nantucket S.S. Authy.

sentenced to two years in the House of Correction. He was not represented by counsel. See *Williams* v. *Commonwealth,* 350 Mass. 732, 736–737. The single justice reserved and reported the case on findings almost identical with those in the *Mulcahy* case.

The advice as to his right to counsel which the petitioner received before sentence did not differ significantly from that given to Mulcahy. On the authority of the *Mulcahy* case the sentence, therefore, must be vacated. As the petitioner was represented by counsel when he admitted a finding of guilty on June 21, 1961, that finding is not to be set aside.

*Judgment reversed.*