BRIAN W. CARDRAN *vs.* COMMONWEALTH.

Suffolk. October 6, 1969. — October 30, 1969.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Practice, Criminal,* Assistance of counsel, Appeal.

Where it appeared upon a writ of error that a District Court judge failed to advise the defendant "of his right to counsel" in accordance with S. J. C. Rule 3:10, 351 Mass. 791, when the defendant voluntarily appeared without counsel present and withdrew an appeal to the Su-

perior Court from a judgment of guilty, after a trial in which he had been represented by counsel, on a complaint for a crime for which a sentence of imprisonment could have been imposed, it was ordered that the withdrawal of the appeal be expunged and that the complaint stand for trial on the appeal.

PETITION for a writ of error filed in the Supreme Judicial Court for the county of Suffolk on October 9, 1968.

The case was reserved and reported by Kirk, J.

John P. McGloin for the petitioner.

David G. Nagle, Jr., Deputy Assistant Attorney General, for the Commonwealth.

KIRK, J.   By this petition for a writ of error the petitioner seeks to have reversed judgments of guilty in the District Court of Southern Essex (the District Court).   The case came before the single justice who reserved and reported it without decision upon the pleadings, return, and a statement of agreed facts, which we summarize.

On July 30, 1968, after trial when he was represented by counsel, the petitioner was found guilty of operating a motor vehicle while under the influence of intoxicating liquor and guilty of drunkenness.   He was ordered to pay fines on the respective complaints.   He immediately appealed to the Superior Court.   On September 14, 1968, he appeared voluntarily before the judge of the District Court, withdrew his appeals and paid the fines.   The petitioner's counsel of record, who continued to represent him, was not present on September 14 when the appeals were withdrawn. The judge did not advise the petitioner "of his right to counsel."   On September 16, 1968, the scheduled date for the petitioner's trial de novo in the Superior Court, the petitioner and his counsel appeared in the District Court. Counsel requested the judge to revoke or to allow the petitioner to retract the withdrawal of appeals.   The request was denied.

Both the petitioner and the Commonwealth, citing cases, have argued constitutional grounds for the reversal or affirmance of the judgments.   Resolution of the case on constitutional grounds would require us to determine on this

record whether the petitioner intelligently waived his right to have the assistance of counsel when, notwithstanding the fact that he had counsel of record, he voluntarily appeared in court without counsel and withdrew his appeals. The stated proposition is pregnant with conflicting inferences. We decline to entertain it as a premise upon which a conclusion of constitutional significance would be predicated.

The petitioner argues, and we hold, that the case is governed by the provisions of S. J. C. Rule 3:10, 351 Mass. 791, which in pertinent part reads: "If a defendant charged with a crime, for which a sentence of imprisonment may be imposed, appears in any court without counsel, the judge shall advise him of his right to counsel and assign counsel to represent him at every stage of the proceeding unless he elects to proceed without counsel or is able to obtain counsel. . . . If the judge finds that the defendant is able to procure counsel, he shall make a finding to that effect which shall be filed with the papers in the case. If the defendant elects to proceed without counsel, a waiver and a certificate of the judge on a form herein established shall be signed, respectively, by the defendant and the judge and filed with the papers in the case."

The rule of course is designed to make sure, so far as possible, that a defendant in a criminal case is made aware of his right to counsel. It has as well the additional practical purpose to eliminate from the record speculation and doubt, on review of the case, whether a defendant intelligently waived his right to counsel at any stage of the proceeding. The achievement of this purpose requires the judge to follow with particularity the procedures for ascertaining and recording any waiver of right to counsel. See *Mulcahy* v. *Commonwealth,* 352 Mass. 613; *Baldassari* v. *Commonwealth,* 352 Mass. 616. In this way *"ex post facto* inquiries" are best avoided. See *Miranda* v. *Arizona,* 384 U. S. 436, 471–473, n. 43; *Carnley* v. *Cochran, Corrections Director,* 369 U. S. 506.

The agreed facts bring the case within Rule 3:10. In one of the complaints the petitioner was charged with an

offence "for which a sentence of imprisonment may be imposed." G. L. c. 90, § 24 (1) (a). The rule imposes duties upon the judge when a defendant "appears in any court without counsel." The judge's duties under the rule are not finally discharged once a defendant "is able to obtain counsel" or once the judge has "assign[ed] counsel to represent him." The rule operates and the judge's duties continue "at every stage of the proceeding." See *Williams* v. *Commonwealth,* 350 Mass. 732. The withdrawal of an appeal is a "stage of the proceeding." "The time when a decision is made to appeal . . . or to prosecute the appeal is a time when the advice of counsel might prove to be of critical importance." *Croteau, petitioner,* 353 Mass. 736, 738. In the context of the case before us, the withdrawal of the appeals was tantamount to an acknowledgment of the validity of the findings of guilty. See *White* v. *Maryland,* 373 U. S. 59.

The phrase "appears in any court without counsel" contemplates the physical presence of counsel in court to speak for and advise a defendant. The absence of counsel in court actuates the rule and requires compliance with its provisions by the judge. The fact that an appearance slip had earlier been filed by counsel and noted on the court record is not, as argued, a substitute for the physical presence of counsel "at every stage of the proceeding," although it would probably affect the scope and nature of the inquiry to be made and the action to be taken by the judge pursuant to the rule.

It follows that it was error to deny the request to retract the withdrawal of the appeals. The two complaints are so closely related that they should be treated similarly. The judgments of conviction must be reversed. The withdrawals of appeals in the District Court are to be expunged and the complaints are to stand for trial on the appeals to the Superior Court.

*So ordered.*