COMMONWEALTH *vs.* MURRAY H. RITTENBERG.

Bristol.   November 4, 1973. — December 3, 1974.

Present: TAURO, C.J., QUIRICO, BRAUCHER, KAPLAN, & WILKINS, JJ.

*Practice, Criminal,* Assistance of counsel.   *Constitutional Law,* Assistance of counsel.

Where the defendant in a criminal case, a lawyer, filed an appearance in his own behalf prior to trial, filed two pre-trial motions, both on his letterhead as an attorney, stipulated in open court that he was an attorney and member of the bar and was going to represent himself in the case, and stated in closing argument that he was acting as his own attorney, it was held that he did not appear "without counsel" within the meaning of S.J.C. Rule 3:10 and thus that rule never became operative, so that failure of the judge to comply therewith was not error. [448]

There was no merit in a contention by the defendant in a criminal case, a lawyer, who represented himself at trial, that he was incompetent to represent himself and thus was denied effective assistance of counsel where he ably cross-examined most of the prosecution witnesses and made a closing argument and it could not be said that the trial was not fair or that his actions as counsel rendered the trial a mockery or a farce. [449]

Where the defendant in a criminal case chose to and did represent himself at trial and was not incompetent to do so, there was no

violation of his right to assistance of counsel under the Sixth Amendment of the Federal Constitution. [449-450]

INDICTMENT found and returned in the Superior Court on February 14, 1972.

The case was tried before *Frank E. Smith,* J., and a motion for a new trial was heard by *Taveira,* J.

*Harvey R. Peters* for the defendant.

*Vieri Guy Volterra,* Special Assistant District Attorney, for the Commonwealth.

TAURO, C.J.   The defendant was found guilty on an indictment charging him with larceny by false pretense pursuant to G. L. c. 266, § 30. He did not appeal from that conviction. Four months later, he moved for a new trial under G. L. c. 278, § 29, on the ground that justice may not have been done. In support of his motion the defendant stated that "(1) the judge did not advise him of his right to counsel as required by Rule 3:10 of the Supreme Judicial Court Rules; (2) the judge did not file a written certificate showing that . . . [the defendant] had waived counsel as required by Rule 3:10 . . .; (3) he was incompetent to represent himself . . ., (and); (4) he neither under-standingly and intelligently waived nor was provided with the assistance of counsel as required by the Sixth and Fourteenth Amendments" to the United States Con-stitution. The judge[1] denied the defendant's motion, and the defendant claimed an exception to that denial. We affirm.

At a hearing on the defendant's motion, the following undisputed facts were introduced: The defendant, an attorney, appeared in court at each stage of the proceedings against him without other counsel. He filed an appearance in his own behalf at arraignment in addition to filing one earlier in connection with a related indictment. At the commencement of the trial, the prosecuting attorney stated: "It has been stipulated that he [defendant] is an attorney at law; and that he was admitted to the bar in December, 1952; and that he is going to represent himself in

---

[1] The trial judge retired before acting on the defendant's motion, and the motion was therefore assigned to another judge for decision.

this case." It is also undisputed that the trial judge did not advise the defendant of his right to counsel, nor did he interrogate him as to whether he elected to proceed without counsel. No waiver was signed by the defendant, nor was a certificate by the judge filed indicating that the defendant refused counsel and would not sign a statement to that effect. Such actions are required by S.J.C. Rule 3:10, 351 Mass. 791 (1967), where the defendant "appears . . . without counsel."

1. The defendant contends that the judge's failure to comply with S.J.C. Rule 3:10 requires that he be given a new trial. He bases this argument on the premise that, when the trial began, he was "without counsel" within the meaning of Rule 3:10. We disagree. The defendant had filed an appearance in his own behalf prior to trial. Further, he filed two pre-trial motions, both on his letterhead as an attorney, and both signed "Murray H. Rittenberg, Esq." Finally, in his closing argument, the defendant himself stated that he was acting as his own attorney.[2] From the foregoing facts, we are unable to conclude that the defendant was unrepresented at trial. On the contrary, we are convinced that the defendant chose to represent himself, did in fact do so, and is now bound by that choice. Such being the case, S.J.C. Rule 3:10 never became operative, and the judge's failure to comply therewith was not error. See *Commonwealth* v. *Beneficial Fin. Co.* 360 Mass. 188, 367-368 (1971), cert. den. sub nom. *Farrell* v. *Massachusetts,* 407 U. S. 910 (1972), and sub nom. *Beneficial Fin. Co.* v. *Massachusetts,* 407 U. S. 914 (1972).[3]

---

[2] The defendant stated to the jury: "They say that a lawyer who has himself for a client has a fool for a client. Maybe I am a fool. It is possible. *I think that I should have defended myself in this case which I did"* (emphasis added).

[3] In light of our decision, we need not reach the question whether a defendant-attorney who has not filed an appearance on his own behalf is to be given the benefits accorded by Rule 3:10. We note, however, that one of the practical purposes behind the rule was "to eliminate from the record speculation and doubt, on review of the case, whether a defendant intelligently waived his right to counsel at any stage of the proceeding." *Cardran* v. *Commonwealth,* 356 Mass. 351, 353 (1969). "The written waiver rule . . . was promulgated in order 'to eliminate to the greatest possible extent all questions arising from lack of representation by counsel.' *Mulcahy* v. *Commonwealth,* 352 Mass. 613, 615 [1967]." *Commonwealth* v. *Beneficial Fin. Co.* 360 Mass. at 368 (1971). In making

2. There is no merit in the defendant's contention that he was incompetent to represent himself and thus received ineffective assistance of counsel.[4] It is well settled that the representation one receives is not constitutionally infirm unless it is tantamount to no assistance at all, and thus deprives the accused "of a trial in any real sense." *Commonwealth* v. *Bernier,* 359 Mass. 13, 17 (1971), quoting from *Mitchell* v. *United States,* 259 F. 2d 787, 793 (D. C. Cir. 1958), cert. den. 358 U. S. 850 (1958). See *Commonwealth* v. *Dunker,* 363 Mass. 792, 797 (1973); *Commonwealth* v. *Saferian, ante,* 89, 96 (1974). On the record before us, we cannot say that the trial below was not fair or that the defendant's actions as counsel rendered it a mockery or a farce. On the contrary, the defendant ably cross-examined most of the prosecution witnesses and made a closing argument to the jury. Although the defendant and his wife testified, and although he took no exceptions, from the record it appears that this was part of his trial strategy: to face his accusers openly without reliance on legal technicalities.[5] The fact that this tactic failed does not mean that the defendant was deprived of adequate representation. " 'Effective' assistance of counsel obviously means something other than successful assistance." *Commonwealth* v. *Bernier,* 359 Mass. at 18, quoting from *Mitchell* v. *United States,* 259 F. 2d at 789 (D. C. Cir. 1958).

3. We reject the defendant's contention that his Sixth and Fourteenth Amendment rights were violated. In the view we have taken, questions of knowing and intelligent waiver and provision of counsel are not involved, as we have

---

the statements and signing the forms required by the rule, a trial judge can simplify or eliminate the need for appellate review of resulting convictions. Accordingly, in any case where no appearance has been filed and no attorney appears, we suggest that the judge comply with Rule 3:10, even where the defendant is himself an attorney, in the interests of judicial economy and fairness.

[4] The defendant filed an affidavit in support of his motion to the effect that he was unfamiliar with the practice of criminal law.

[5] In his closing argument, the defendant made repeated reference to his waiver of immunities and to the fact that he and his wife "stood here and . . . took no amendments [*sic*], no nothing. We stood here before you all." This was in accord with the general tenor of his defense.

found that the defendant chose to, and in fact did, represent himself. Accordingly, there were no constitutional violations.

*Exceptions overruled.*