COMMONWEALTH *vs.* HARRY E. SERVIDORI. January 10, 1979. 1. The affidavit in support of the application for the search warrant disclosed that the police had made a prompt and thorough investigation of the facts surrounding the break into the market and that there was probable cause to believe that the defendant had been involved in both the break and the disposition of the proceeds thereof. Reading the affidavit as a whole (*Commonwealth* v. *Blye*, 5 Mass. App. Ct. 817, 817 [1977]), the magistrate could reasonably conclude that there was probable cause to believe that the defendant lived in the "mobil home with addition to the rear located at #14 Lone Tree Rd., Dennisport, Mass. Occupied by Harry E. Servidori and others" rather than at the address in Dennis to which the defendant's car was registered. See *Commonwealth* v. *LeBlanc*, 373 Mass. 478, 488 (1977); *Commonwealth* v. *Griswold*, 5 Mass. App. Ct. 764, 764 (1977), and cases cited; *Commonwealth* v. *Piso*, 5 Mass. App. Ct. 537, 542-543 (1977); *Commonwealth* v. *Martin*, *ante* 624, 629 (1978). 2. There was no error in the denial of the motion for a directed verdict on so much of indictment No. 37385 as alleged a breaking and entering in the nighttime. See G. L. c. 266, § 16; c. 278, § 10. There was evidence from which the jury could have found that it was already "dark" by 5:00 P.M. on the Monday following the break, that the market had been closed for the weekend "[s]hortly after 6:00 P.M." on Saturday, and that the break had been completed by "approximately 4:30 A.M." on Sunday, when the defendant's car was no longer to be observed in the parking lot which was located across the street from the market. See *Commonwealth* v. *Cataldo*, 326 Mass. 373, 375-376 (1950). 3. There is no merit to any aspect of appellate counsel's argument that the defendant was deprived of the effective assistance of counsel at the trial level. See *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974); *Delle Chiaie* v. *Commonwealth*, 367 Mass. 527, 536-537 (1975); *Commonwealth* v. *Satterfield*, 373 Mass. 109, 115 (1977). a. In the absence (as here) of anything to suggest the existence of a false

statement of fact in the aforementioned affidavit, counsel was precluded from offering evidence in support of the motions to suppress the items which had been seized pursuant to the search warrant. See *Commonwealth* v. *Smith*, 370 Mass. 335, 338 n.3, cert. denied, 429 U.S. 944 (1976); *Commonwealth* v. *Reynolds*, 374 Mass. 142 (1977). b. Whether the defendant's counsel (rather than the prosecutor) would offer the defendant's boots in evidence was a question of trial strategy on which we will not second guess competent trial counsel. *Commonwealth* v. *Rittenberg*, 366 Mass. 446, 449 (1974). *Commonwealth* v. *Stone*, 366 Mass. 506, 517 (1974). *Commonwealth* v. *Adams*, 374 Mass. 722, 727–728 (1978). c. The evidence in support of both indictments was such that the interposition of a motion for a directed verdict on either indictment which might have been based on any ground not already considered in (2) above would have constituted an exercise in futility. d. The contention that trial counsel should have submitted requests for instructions is unpersuasive, particulary in light of the fact that present counsel appears to be either unable or unwilling to point to any error in the exemplary charge that was given. e. It is frivolous to suggest that trial counsel should be faulted for his failure to object to a portion of the prosecutor's argument in which he summarized evidence which had been admitted during the course of the trial. The record demonstrates that "the basic trouble from the defense standpoint was weaknesses in the facts rather than any inadequacy of counsel." *Commonwealth* v. *Satterfield*, 373 Mass. at 111. *Commonwealth* v. *Nearis*, ante 854 (1978).

*Judgments affirmed.*

*Morris S. Shubow* for the defendant.

*W. James O'Neill*, Assistant District Attorney, for the Commonwealth.