COMMONWEALTH *vs.* JOANNE BERGSTROM. July 16, 1980. 1. There is no merit to the contention that the affidavit forming part of the application for the search warrant failed to establish probable cause to believe that some of the stolen items would be found in the apartment and in the car identified in the affidavit. 2. In the absence (as here) of any assertion that the affidavit contained a false statement of a material fact, the defendant was not entitled to call the officer who had executed the affidavit as a witness at the pretrial hearing on the motion to suppress the items seized pursuant to the warrant. *Commonwealth* v. *Fleurant,* 2 Mass. App. Ct. 250, 253 (1974). *Commonwealth* v. *Norris,* 6 Mass. App. Ct. 761, 762-763 (1978). *Commonwealth* v. *Servidori,* 6 Mass. App. Ct. 969, 969-970 (1979). Contrast *Commonwealth* v. *Reynolds,* 374 Mass. 142, 144 (1977); *Commonwealth* v. *Sheppard,* 5 Mass. App. Ct. 765 (1977); *Franks* v. *Delaware,* 438 U.S. 154, 171-172 (1978). 3. There is no genuine question that the evidence was sufficient to warrant a rational jury (*Commonwealth* v. *Latimore,* 378 Mass. 671, 676 [1979]) in concluding beyond a reasonable doubt that the defendant had participated in the breaking and entering which occurred on June 10, 1978. The jury, which heard the case the following month, could apply their general knowledge to the evidence (from which it could have been found that the break-in had occurred as late as 9:10 P.M. on the day in question, after it had

"[grown] from light to dusk") to conclude that the offense had been committed during the "night time," as defined in G. L. c. 278, § 10, and by the judge in his charge. See and compare *Commonwealth* v. *Kingsbury,* 378 Mass. 751, 752-753 (1979). *See also Sodekson* v. *Lynch,* 314 Mass. 161, 164 (1943). 4. We do not consider indictment no. 78-2830 because a verdict was directed for the defendant on that indictment. 5. We do not consider indictment no. 78-2832 because the defendant was acquitted on that indictment. 6. We do not consider indictment no. 78-2837 because the papers concerning that indictment have not been reproduced in the defendant's record appendix (Mass.R.A.P. 18[a], as amended, 378 Mass. 940 [1979]) and because she has not traversed the assertion in the Commonwealth's brief that that indictment was placed on file with her consent. See *Commonwealth* v. *Delgado,* 367 Mass. 432, 437-438 (1975); *Commonwealth* v. *Hoffer,* 375 Mass. 369, 370 n.1 (1978). 7. No other question has been argued within the meaning of Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). The judgments on indictments nos. 78-2829, 78-2831, 78-2833 and 78-2834 are affirmed.

*So ordered.*

*Ralph F. Champa* for the defendant.
*Pamela L. Hunt,* Assistant District Attorney, for the Commonwealth.