FERRERE, N.K.A. CHERKES, APPELLEE, *v.* FERRERE, APPELLANT.

(No. 48266—Decided December 10, 1984.)

*Patrick D. Quinn,* for appellee.
*Robert J. Berk,* for appellant.

PATTON, J. This appeal arises from a judgment entered by the Cuyahoga County Court of Common Pleas, Domestic Relations Division, which approved the report and recommendations of the referee which found the appellant, Giacomo Ferrere, in contempt of court for being in arrears in his child support payments. The report also denied the appellant's motion to terminate child support. The facts giving rise to the appeal as contained in the record provide the following:

On May 14, 1974, the parties were granted a divorce. On September 20, 1983, appellee filed a motion to show cause for failure to provide child support pursuant to the judgment entry for divorce. On October 28, 1983, appellant filed a motion to terminate child support. On November 21, 1983, the motions were heard before Referee Moffet.

On December 29, 1983, the report of the referee was filed, and the referee found the appellant in contempt based upon his child support arrearages of $2,111.20. The referee also denied the appellant's motion to terminate child support.

In her report, the referee held:

"Defendant testified that subsequent to divorce Plaintiff told him the minor child needed to go to a doctor and told him he was to pay her medical expenses. From that time, he carried medical insurance and paid medical bills submitted to him. He maintained Blue Cross insurance coverage from 1974 until sometime in 1981. Defendant seeks credit against the arrearage for said premiums. Plaintiff denied telling Defendant that he was obligated to pay medical expenses and stated that the minor child has been covered on medical insurance available to her through her employment since the end of 1978. On cross-examination, she acknowledged that she did call Defendant and told him she could not afford to pay particular medical bills and that subsequently she had sent more medical bills to him as he had indicated they were covered by Blue Cross. It is noted that the stipulated arrearage includes a credit for $270.00 for medical bills paid and acknowledged. *The Referee finds that the medical insurance was maintained by Defendant as a volunteer and that no credit should be given.*" (Emphasis added.)

On December 29, 1983, the referee filed her report and found the appellant in contempt for child support arrearages of $2,111.20. The referee also denied the appellant's motion to terminate child support.

On January 10, 1984, appellant filed objections to the report of the referee. On February 3, 1984, the court filed a journal entry which overruled the objections to the report and approved the report and recommendations of the referee. On March 2, 1984, appellant filed his notice of appeal and assigned one error:

"The trial court erred in failing to give defendant a credit for medical insurance premium payments which he made on behalf of the minor child of the parties."

In his assignment of error, appellant contends that the medical insurance premium payments which he made on behalf of the minor child should be used as a credit against his support obligation. This contention is without merit.

There is considerable conflict among the states as to whether any credit may be given for expenditures made by the father on behalf of the children other than as provided for in the decree. As of yet, the view of the Ohio courts is undecided. Generally, however, most cases have gravitated toward the view that a father should not be allowed, as a matter of law, credit for expenditures made voluntarily on behalf of the child which do not specifically conform to the terms of the decree. See Annotation (1973), 47 A.L.R. 3d 1031, 1039. However, other courts have realized that situations might arise in which equitable considerations would permit a father to credit against past due support payments voluntary expenditures made on behalf of the child. Those situations exist where "equitable considerations" dictate or where the father acted under a "compulsion of circumstances." See *id.* at 1041-1043.

In *McGinty* v. *McGinty* (June 29, 1978), Cuyahoga App. No. 37508, unreported, this court examined the issue of whether or not a father must pay child support during the period when he had possession rights of the children for the summer period. The court held at 4:

"47 A.L.R. 3d 1036 (1973), recites the rule we regard as established:

" 'Generally speaking, the courts have held that unless otherwise provided in the decree, a father is not en-

titled to a proportionate deduction from fixed periodic support payments for the time that the child is visiting him under the terms of the decree; and he is, therefore, not entitled to credit against child support arrearages for the child's visit.'

"Since the separation agreement which was embodied in the journal entry made no provision for the deduction of child support during regular visitation periods, we find that the ruling of the court is in error. Exempting the father from his support obligations for periods when a child is placed in his temporary possession would create insoluble problems."

In the case *sub judice,* we also feel that 47 A.L.R. 3d 1031, 1037, recites the rule we regard as established:

"Generally speaking, a father is not entitled to credit against arrearages for overpayments in support money which he made to the mother. Whether or not he is entitled to credit for * * * medical expenses, or other necessities, *depends to a large degree upon the particular circumstances surrounding each case.*" (Emphasis added; footnotes omitted.)

In the case *sub judice,* the particular circumstances were brought out during the hearing before the referee. The referee determined that the insurance was maintained by the appellant as a volunteer and denied credit. Absent a transcript of the proceedings, a statement of the evidence pursuant to App. R. 9(C), or an agreed statement pursuant to App. R. 9(D), this court must presume regularity in the proceedings in the trial court. *Schroeder* v. *Schroeder* (May 3, 1979), Cuyahoga App. No. 38772, unreported; *Cleveland* v. *Whipkey* (1972), 29 Ohio App. 2d 79 [58 O.O.2d 86]; and *In re Sublett* (1959), 169 Ohio St. 19 [7 O.O.2d 487].

Accordingly, appellant's assignment of error is without merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

JACKSON, J., concurs.

MARKUS, P.J., concurs in judgment only.