MIHNA, APPELLEE, *v.*
MIHNA, APPELLANT.

(No. 55056—Decided
February 27, 1989.)

*John T. Corrigan,* prosecuting attorney, and *James E. Valentine,* for appellee Helen Mihna.

*Dennis G. Mille,* for appellant Robert J. Mihna.

PATTON, P.J. Defendant-father Robert J. Mihna appeals from a domestic relations court order finding him $1,891.99 in arrears for child support owed to the plaintiff-mother, Helen Mihna. The issues on appeal concern the constitutionality and application of R.C. 2301.36(A), relative to support payments not made directly through the bureau of support.

While the divorce decree required the husband to make child support payments through the bureau of support, he did not do so. Instead, he paid all funds directly to the mother.

This action was initiated by the mother's show cause motion for child support arrearages. The court found that the father was $1,891.99 in arrears. The father does not dispute the figure for purposes of appeal, but argues that he should be allowed a credit of $2,872 for tuition payments paid for the minor children. Although not memorialized in the divorce decree, the mother and father separately agreed that the children should attend parochial schools, rather than Cleveland public schools. The father made tuition payments directly to the parochial schools.

The court held that the tuition payments constituted a "gift" pursuant to R.C. 2301.36(A), which provides in part:

"* * * Any payment of money by the person responsible for the support payments under a support order to the person entitled to receive the support payments that is not made to the [bureau of support] in accordance with the applicable support order shall not be considered as a payment of support and, unless the payment is made to discharge an obligation other than support, shall be deemed to be a gift."

The court also overruled the father's constitutional objections to the statute. The court did, however, modify the father's child support obligations by reducing his weekly support obligations and staying the collection of the arrearage for so long as the father makes tuition payments on behalf of the minor children.

## I

The father first argues that R.C. 2301.36(A) creates a constitutionally impermissible conclusive presumption that all monies not paid to the bureau of support in violation of a divorce decree shall be deemed gifts. He argues that the conclusive presumption violates his rights to due process.

When a question of fact or liability is conclusively presumed against a party, due process is not afforded a party if there is no opportunity to be heard on that issue. *Williams* v. *Dollison* (1980), 62 Ohio St. 2d 297, 299, 16 O.O. 3d 350, 351, 405 N.E. 2d 714, 716; *Gatts* v. *State* (1984), 13 Ohio App. 3d 380, 13 OBR 463, 469 N.E. 2d 562. Contrary to the father's arguments, R.C. 2301.36(A) does not create a conclusive presumption in violation of federal and state due process rights. The statute simply places the burden of proving that payments made directly to a payee spouse are made to discharge some obligation other than support. By placing the burden of proof on the payor spouse, R.C. 2301.36(A) creates a rebuttable presumption that monies not paid through the bureau of support are gifts. The placement of this burden of proof is appropriate since the payor spouse will typically be in the best position to explain the purpose of payments made in violation of the divorce decree. Thus, R.C. 2301.36 (A) gives a payor spouse a sufficient opportunity to rebut the presumption that support payments not made through the bureau of support are gifts. The first assigned error is overruled.

## II

The father next argues that the court erred in failing to credit the tuition expenses against his accrued child support arrearage. He argues that equitable considerations should estop the mother from filing the show cause motion since she had full knowledge that the husband was making the payments and, in fact, she had agreed that he should pay the tuition.

As a general rule, a payor spouse is not entitled to a credit against arrearages for overpayment of support obligations. *Ferrere* v. *Ferrere* (1984), 20 Ohio App. 3d 82, 20 OBR 102, 484 N.E. 2d 753; *West* v. *West* (Oct. 26, 1987), Montgomery App. No. 10385, unreported. Circumstances may give rise to situations where the court may credit a payor spouse's arrearages against overpayments in support money. *Ferrere* v. *Ferrere, supra,* at 83, 20 OBR at 103-104, 484 N.E. 2d at 755. The equitable decision to grant a credit, however, rests in the sound discretion of the court. Cf. *Krause* v. *Krause* (1987), 35 Ohio App. 3d 18, 518 N.E. 2d 1221. In this case, we find no abuse of discretion.

The husband concedes that he made *no* child support payments through the bureau of support. Technically, all of the monies paid directly to the mother were presumed to be gifts under R.C. 2301.36(A). However, the court in its discretion did allow the husband a credit of $4,389.81 for that part of the direct payments intended for child support.

As to the tuition payments, we find the court did not abuse its discretion in refusing to credit them against the arrearages. The divorce decree was silent as to parochial schooling for the children. Any agreement to send the children to parochial schools would be outside the divorce decree and constitute a unilateral change of the decree. Moreover, attendance at parochial schools was not necesary for the children's *support.* Contrast *West* v. *West, supra* (father granted credit against child support arrearages where evidence showed that voluntary payments for college tuition, room, board and books contributed to child's

*actual* support). In this case, the children, as residents of the city of Cleveland, could attend Cleveland public schools at little or no cost to their present support requirements. Thus, the tuition payments do not constitute funds necessary for the actual support of the children. The second assigned error is overruled.

*Judgment affirmed.*

SWEENEY and J. F. CORRIGAN, JJ., concur.