[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Defendant-appellant, Patrick G. Murphy, appeals from the judgment of the Allen County Court of Common Pleas which overruled his motion seeking a determination that no child support arrearages were owed to plaintiff-appellee, Diana M. Murphy, n.k.a. Diana Luginbihl. Defendant also appeals the trial court's subsequent denial of his motion for a new trial.
The parties were divorced in 1982. At the time the divorce decree was entered, the parties' two children, one born February 5, 1965 and the other on December 16, 1965, were seventeen and sixteen years old, respectively. The divorce decree dated July 8, 1982 included the following child support order:
 * * * Defendant shall pay as and for the support of the minor children the sum of $20.00 per week per child plus poundage, with the payments to be made through the Allen County, Ohio, Bureau of Support[.]
In November 1982, plaintiff filed a motion requesting defendant to show cause why he should not be held in contempt for failure to comply with the court-ordered custodial arrangement and for arrearages in child support. By judgment entry dated January 12, 1983, the trial court granted plaintiff a lump sum judgment in the amount of $775 for arrearages through December 31, 1982.
This action was initiated by the defendant's motion filed on May 10, 1995, seeking a determination that he did not owe back child support to plaintiff. His motion was filed in response to a wage withholding notice issued by the Allen County Child Support Enforcement Agency ("CSEA"). On October 31, 1995, the magistrate conducted an evidentiary hearing on the motion.
At the hearing before the magistrate, the parties stipulated that the CSEA records show that defendant owes arrearages in child support totaling $1,540.40. Nevertheless, defendant testified that he paid some child support to the plaintiff through the parties' youngest son, Michael, but was unable to produce the receipts his son had brought him from plaintiff because they were destroyed when he closed his business in 1991. Michael conceded that he recalled delivering money to his mother on one occasion, but he was not able to specifically remember the number of times he may have done so. On the other hand, plaintiff testified that she did not receive any child support payments directly from the defendant. Plaintiff further testified that she did not pursue this matter until 1995 because she did not know that she could seek enforcement of her child support rights.
Defendant also presented testimony that he had relied upon an alleged settlement agreement reached in the municipal court case he filed in 1983 against plaintiff for damages regarding his dump truck. Defendant stated, and his attorney's testimony so supports, that a credit of $750 was to be made to his existing child support obligation under the terms of the settlement. However, their testimony indicates that a judgment entry was never filed to that effect. Plaintiff denied that there was ever such a settlement agreement.
On December 20, 1995, the magistrate issued a decision overruling defendant's motion. In addressing the defendant's laches defense, the magistrate found that the plaintiff has unreasonably delayed in pursuing her claim for child support arrearages. However, the magistrate rejected the defendant's argument that he has been materially prejudiced by the delay because he failed to make the child support payments in accordance with the support order.
Defendant filed objections to the magistrate's decision on the basis of the doctrine of laches. In its entry dated July 12, 1996, the trial court overruled defendant's objections and further ordered that the magistrate's decision be adopted as an order of the court. Defendant also filed a motion for a new trial. Attached to his affidavit in support of this motion were five "receipts" written by plaintiff indicating the receipt of cash payments made by him. The trial court overruled the defendant's motion. However, the trial court did amend its prior judgment pursuant to Civ.R. 59(A) to allow defendant a credit of $304 against the child support arrearages on the basis of the attached receipts.
Defendant now appeals from the trial court decision to overrule his motion on the issue of child support arrearages and from the trial court's denial of his motion for a new trial. For his sole assignment of error, defendant asserts:
 The trial court erred in its interpretation of the law with respect to the doctrine of laches, and as such, erred in determining that the defendant still had an obligation to pay child support.
In his assignment of error, defendant contends that he has proven the two elements of the doctrine of laches as a defense to the plaintiff's claim for child support arrearages. Defendant further contends that upon application of the doctrine, the trial court improperly imposed an additional element that he had to be in complete and strict compliance with the support order in the divorce decree that all support payments be made through the Bureau of Support, now known as the CSEA.
We note at the outset that it is well established that a defendant may raise the equitable doctrine of laches in a child support action. See Connin v. Bailey (1984), 15 Ohio St.3d 34. The elements of laches are: 1) a delay by the party asserting a right, and 2) material prejudice by the delay to the person for whose benefit the doctrine will operate. Beaver v. Beaver (Sept. 23, 1991), Marion App. No. 9-90-75, unreported; see, also, Smithv. Smith (1959), 168 Ohio St. 447, paragraph three of the syllabus, ("Delay in asserting a right does not of itself constitute laches, and in order to successfully invoke the equitable doctrine of laches it must be shown that the person for whose benefit the doctrine will operate has been materially prejudiced by the delay of the person asserting his claim.") The trial court's decision concerning the application of the doctrine to defendant's case is reviewed upon an abuse of discretion review. See State ex rel. Cuyahoga Child Support EnforcementAgency v. Sanders (Apr. 2, 1998), Cuyahoga App. No. 72428, unreported; Beaver, supra.
In this case, the magistrate concluded that plaintiff's delay in bringing her claim for back child support was unreasonable. In her brief, plaintiff admits that the finding on this issue is not in dispute. Thus, we then turn to the "material prejudice" prong of the laches test. It is well-established that the plaintiff's lengthy delay in bringing this action does not of itself constitute material prejudice. See Kinney v. Mathias (1984),10 Ohio St.3d 72, 75. Nevertheless, defendant goes on to argue in his brief that he was prejudiced because the records which contained the receipts signed by plaintiff were destroyed four years ago when he closed his business. The magistrate, however, found it significant that the provisions of the divorce decree required the child support payments to be made through the Bureau of Support. It is obvious that the magistrate felt that if defendant had simply made the support payments as ordered, then the alleged destruction of the receipts to which defendant refers would never have caused prejudice to him. Additionally, as was noted by the magistrate, defendant stated that he made the payments to plaintiff instead of directly through the Bureau of Support because most other people did the same thing.
In Sanders, supra, the Eighth District Court of Appeals recently addressed the issue of material prejudice where the obligor claimed the delay resulted in the destruction of records necessary to substantiate the child support payments he made. In applying the abuse of discretion standard, the appellate court upheld the trial court's refusal to apply the doctrine of laches. The order in that case, like the order in this case, called for the obligor father to make the child support payments through the court. The appellate court reiterated the fact that a parent's failure to heed his obligations of support does not excuse him from those duties nor does it provide him with a basis for claiming prejudice when he is called to account for the payments. See Smith, supra, at 456-57, where the Ohio Supreme Court stated this proposition. Moreover, the appellate court went on to state that even if the obligor had produced substantiating documents, the trial court is under no obligation to credit those payments against arrearages where the payments were not made in compliance with the court order.
Notably, R.C. 2301.36(A) provides that any support payment not made through the child support enforcement agency in violation of the applicable support order shall be deemed to be a gift, unless the payment is made to discharge an obligation other than support. However, as stated in Mihna v. Mihna (1989), 48 Ohio App.3d 303,305, the statute creates a rebuttable presumption that payments not paid through the applicable child support agency are gifts rather than child support. Accord Taylor v. Taylor (Nov. 23, 1994), Summit App. No. 16738, unreported.
Also, the Sanders court reviewed Gerlach v. Gerlach (Nov. 25, 1997), Franklin App. No. 97APF03-343, unreported, wherein the Tenth District Court of Appeals upheld the trial court's ruling that the inability to produce substantiating records justified application of the doctrine of laches. However, the appellate court stated that the Gerlach court deferred to the trial court's decision on this issue given the standard of review and found it significant to note that the support order called for the obligor to make the child support payments directly to the child's mother and that both parties agreed that the obligor's payments were made to the mother although the amount was contested. More particularly, we note that the Gerlach court went on to find even more compelling evidence in the record of material prejudice to the obligor father because he could not assert a legal defense which he would have had there not been the delay.
In applying the abuse of discretion standard to the facts in this case, we cannot conclude that the trial court abused its discretion on the issue of material prejudice. It is apparent that the trial court was under no obligation to credit the support payments made in violation of the divorce decree, and furthermore, it is noted that the testimony is conflicting as to whether those payments were received by the plaintiff. It is also clear that defendant's reliance on a credit of $750 by the alleged settlement agreement is insufficient to establish material prejudice since the record shows that this matter is still pending. Moreover, the trial court in its discretion did allow the defendant credit for those receipts he presented with his motion for new trial. Consequently, defendant's assignment of error is without merit and is overruled.
In conclusion, we affirm the trial court's denial of the defendant's motion regarding past due child support, as subsequently amended by the court. We also affirm the trial court's decision on defendant's motion for a new trial.
Judgment affirmed.
 BRYANT and EVAN, JJ., concur.