OPINION *Page 2 
{¶ 1} Appellant, Barbara Ann Manser, appeals from the March 13, 2006 judgment entry of the Trumbull County Court of Common Pleas, Domestic Relations Division, which granted appellant and appellee, James Joseph Manser, a divorce as well as made certain orders regarding division of marital property and debts.
 {¶ 2} On October 9, 2001, appellant filed a complaint for divorce, which included a motion for temporary spousal support, against appellee. In her complaint, appellant alleged that she and appellee were married on January 8, 1990; that no children were born as issue of the marriage; that they had acquired certain marital assets as well as debts during the marriage; that they were incompatible within the meaning of R.C.3105.01; and that appellee was guilty of extreme cruelty and gross neglect of duty.[1] Appellee filed an answer and counterclaim on November 9, 2001.
 {¶ 3} On November 14, 2001, appellee filed an affidavit indicating the following: that he operated Niles Automotive of Ohio, Inc. ("Niles Automotive") for nearly twenty years; appellant was not employed there on a regular basis; her presence at the business led to various employees quitting; she committed waste by writing bad checks and incurred unusual debt; and appellant failed to pay trade creditors. Also, on November 14, 2001, appellee filed a motion for an order restraining appellant from being at Niles Automotive. Pursuant to its November 14, 2001 judgment entry, the trial court found appellee's motion for restraining order well-taken, and ordered that appellant was restrained from being at the business premises or interfering with the business or its operation in any manner until further order of the court. The trial court *Page 3 
further ordered that appellant have access to the books of the business upon request.
 {¶ 4} On January 4, 2002, appellant filed a motion requesting that appellee be directed to produce for inventory and valuation the American Cannondale four-wheeler; the Scrambler four-wheelers; seventeen rifles, pistols, shotguns or handguns; the closed car trailer; the Honda Magnum motorcycle; and the Chevrolet Nova. She also requested the following: that all household goods, furniture, fixtures, appliances, and property be appraised by James DiGiacobbe ("DiGiacobbe") at appellee's cost; that she be afforded money to purchase a replacement vehicle since her Jeep was stolen on October 12, 2001, and because appellee wrongfully barred her from her prior source of income; that appellee be ordered to return all household goods, furnishings, and property belonging to Ronald R. Richards, appellant's brother, who occupied the apartment above the parties' business; and that she be granted exclusive occupancy of the former marital residence.
 {¶ 5} On February 7, 2002, appellant filed a motion requesting the trial court to issue an order providing her monies to obtain an accountant to proceed to value the marital business.
 {¶ 6} Pursuant to his February 19, 2002 decision, the magistrate ordered that all pending motions be held in abeyance.
 {¶ 7} A hearing was held on August 20, 2002. In its August 22, 2002 judgment entry, the trial court indicated that appellee transferred significant assets to Nicholas Manser, many of which were marital, during the pendency of the matter without appellant's consent or knowledge. The trial court made the following orders: Nicholas Manser and Niles Automotive were named as third party defendants; James Natale *Page 4 
("Special Master") was appointed as special master to oversee the operation of Niles Automotive; Nicholas Manser's monthly payments of $1,200 to appellee were to be escrowed; appellee's order of payment of spousal support to appellant was to remain in effect; appellee was responsible for payment of $250 for the fees the Special Master incurred; and neither party was to remove any assets or equipment and was not to convert, transfer, dispose of, or waste any assets or property of Niles Automotive.
 {¶ 8} On August 26, 2003, appellant filed a motion for contempt against appellee for his failure to pay spousal support, alleging that he was five months delinquent. Also, appellant prayed that she be awarded a sum of money for attorney fees not less than $500.
 {¶ 9} Pursuant to its October 8, 2003 judgment entry, the trial court indicated that the parties agreed to auction or sell the property and business known as Niles Automotive.
 {¶ 10} On October 21, 2003, appellee filed a motion to terminate spousal support due to a substantial change in circumstances.
 {¶ 11} On February 26, 2004, a hearing was held on appellant's motion for contempt for appellee's failure to pay spousal support, and on appellee's motion to terminate spousal support. Pursuant to his February 27, 2004 decision, the magistrate indicated that all of the previously ordered spousal support was not paid, but that evidence and other testimony would be presented at the final divorce hearing. Thus, the magistrate ordered that the issues of contempt, sanctions, fees, and whether spousal support was to be terminated and final arrearages would all be deferred until the final hearing. *Page 5 
 {¶ 12} Pursuant to its April 20, 2004 judgment entry, the trial court indicated that the business property was to be auctioned and sold by June 1, 2004, and that appellant could have an appraisal done beforehand. The trial court noted that the parties were to have the personal property appraised by DiGiacobbe unless an agreement was reached. Also, the trial court ordered the parties to submit all tax records to accountant David Ziegler by April 26, 2004.
 {¶ 13} On July 21, 2004, appellant filed a motion for contempt against Nicholas Manser and appellee, for Nicholas Manser's failure to pay the $1,200 monthly escrow fee, and for appellee's failure to pay the $500 per month in spousal support.
 {¶ 14} Pursuant to his September 16, 2004 order, the magistrate ordered that the matter be set for an evidentiary hearing on the contempt motion and on the request for termination of spousal support. The magistrate's decision was adopted by the trial court that same day.
 {¶ 15} A hearing was held on January 14, 2005. Pursuant to his January 18, 2005 order, the magistrate addressed the matter of appellee's unpaid spousal support and noted that there was an arrearage of approximately $9,675 through January 31, 2005, subject to any payments appellee made on appellant's behalf. The magistrate ordered Nicholas Manser to continue to comply with the August 22, 2002 order, and pay $1,200 per month as follows: the mortgage payment and $425 per month to appellant, which would be considered as part of appellee's spousal support obligation. Also, the magistrate found appellee in contempt for not paying $7,852 in spousal support. Accordingly, the magistrate denied appellee's motion to terminate spousal support. *Page 6 
 {¶ 16} On January 28, 2005, appellee filed an affidavit indicating the following: that he and appellant obtained a vehicle to replace the Jeep that was stolen; he paid $2,500 as a down payment and made sixteen monthly payments of $200 until the bank took it away from appellant; he then had to pay a deficiency amount of $1,700; the magistrate credited him with only nine payments; the original spousal support order was based on his employment and the fact that appellant was not employed; appellant was now employed; he was no longer employed; and he had applied for social security disability.
 {¶ 17} Appellee filed an objection to the magistrate's decision on January 28, 2005. Pursuant to its February 7, 2005 judgment entry, the trial court remanded the objections back to the magistrate for further review, ordered the court assignment office to set a remand hearing, and noted that all orders previously issued by the magistrate were to remain effective.
 {¶ 18} A hearing was held on March 7, 2005. Pursuant to his decision, the magistrate indicated that the actual amount appellee owed was in dispute. The magistrate ordered the matter to be set for an evidentiary hearing to determine the actual amount owed as well as to deal with appellee's objections.
 {¶ 19} Hearings were held on April 21, 2005, and on September 19, 2005.
 {¶ 20} Pursuant to its February 7, 2006 judgment entry, the trial court indicated the following: the parties voluntarily entered into a purchase agreement with Louis R. Gerke and Joseph Porter for the sale of the commercial property at issue for the sum of $75,000; that the sale was in the best interest of the parties and that the sale would be *Page 7 
permitted during the pendency of the divorce action; and the net sale proceeds would be held in escrow by appellant's counsel.
 {¶ 21} Pursuant to its March 13, 2006 judgment entry, the trial court granted the parties a divorce. The trial court ordered the following: the parties were granted a divorce on the grounds of incompatibility; appellee was to retain the marital real estate, having previously bought out appellant's interest; the household goods and furnishings were equally divided between the parties; the business real estate and all equipment was to be sold, pursuant to the parties' agreement; both were equally responsible for all personal and business tax liability through tax year 2001; each was responsible for their own personal tax liabilities for tax years 2002 and thereafter; Nicholas Manser was responsible for business tax liability for tax years 2002 and thereafter; the 2002 Rebel motorcycle, 2000 Polaris ATV, 2000 Cannondale ATV, 1981 Honda C-70, and 1989 Bayliner boat, were to be sold and the proceeds divided equally; Nicholas Manser remained obligated to pay $200 per month from August 2002, through April 2005, which equates to $6,600, all of which was to be payable to appellant; appellant owed appellee $2,000 as his one-half equity in the 2001 Jeep subject to her insurance fraud; appellee's spousal support obligation was terminated effective April 30, 2005; appellee's spousal support arrearage, $1,552.33, was preserved and was to be satisfied; neither party was to pay any further spousal support; each party was to pay their own attorney fees; with respect to the proceeds of the sale of the business property and equipment, appellee was to receive the first $447.67, which offsets appellant's $2,000 Jeep equity, less his $1,552.33 spousal support arrearage, and the balance of the proceeds thereafter was to *Page 8 
be divided equally; and Nicholas Manser was solely responsible for the fees of the Special Master.
 {¶ 22} It is from the foregoing judgment that appellant filed a timely notice of appeal and makes the following assignments of error:
 {¶ 23} "[1.] The trial court erred in the determination of the spousal support arrearage owed by the husband to the wife in granting credit to husband for payments made on a vehicle which were not court ordered.
 {¶ 24} "[2.] The trial court erred in failing to preserve the arrearage owed by the third party defendant, Nicholas Manser, for amounts ordered to be paid by him on behalf of the husband to the wife.
 {¶ 25} "[3.] The trial court's order granting credit to third party defendant for various payments made was against the manifest weight of the evidence."
 {¶ 26} In her first assignment of error, appellant contends that the trial court erred in the determination of the spousal support arrearage owed by appellee to her in granting credit to appellee for payments made on a vehicle which were not court ordered.
 {¶ 27} A trial court is vested with broad discretion over spousal support matters. Fulmer v. Fulmer (May 5, 2000), 11th Dist No. 98-T-0146, 2000 Ohio App. LEXIS 1940, at 7, citing Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 218. The trial court's judgment cannot be disturbed on appeal absent an abuse of discretion. Id. An abuse of discretion connotes more than a mere error of law or judgment; rather, it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore at 219. *Page 9 
 {¶ 28} Decisions regarding credits on support obligations also rest within the sound discretion of the trial court. Mihna v. Mihna (1989),48 Ohio App.3d 303, 305. "Before specifying an arrearage in temporary spousal support as due, the court should consider any other payments the obligor has made for the obligee's sustenance and expenses while the divorce action was pending and allow a credit against the arrearage obligation as is reasonable." Manley v. Manley, 2d Dist No. 20426, 2005-Ohio-129, at ¶ 16.
 {¶ 29} In the case at bar, both parties acknowledge, and the record reflects, that no written temporary order regarding spousal support was ever filed. However, appellee acknowledged that there was an agreement between himself and appellant that he would pay her $500 per month in spousal support. Also, pursuant to the March 13, 2006 judgment entry, the trial court found that appellee was to pay spousal support to appellant in the amount of $500 per month, effective January of 2002.
 {¶ 30} Appellee testified that he and appellant agreed that he would obtain a vehicle for her and that she would make the payments on it. The record reflects that the Scrambler ATV, a marital asset, was sold and the money was used to purchase appellant's vehicle, a 1999 Pontiac Grand Prix. According to appellee, the ATV was sold for $5,000 and he applied his share, which was $2,500, toward the purchase price of appellant's vehicle. In addition, appellee made payments as well as paid for the insurance on the vehicle.
 {¶ 31} Here, the trial court determined that the parties acknowledged that appellee paid $7,682.67 for appellant's vehicle, from January of 2002, through June of 2003. The trial court found that the foregoing amount was to be credited against *Page 10 
appellee's spousal support obligation. Based on the evidence presented, the trial court did not abuse its discretion by crediting the payments which appellee made on the purchase of a vehicle for appellant's benefit and use against his spousal support obligation.
 {¶ 32} Appellant's first assignment of error is without merit.
 {¶ 33} In her second assignment of error, appellant alleges that the trial court erred in failing to preserve the arrearage owed by Nicholas Manser for amounts ordered to be paid by him on behalf of appellant and appellee.
 {¶ 34} Under the instant assignment, appellant fails to include "[a]n argument containing the contentions * * * with respect to [the] assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." App.R. 16(A)(7). Nevertheless, we determine, based on our review of the record, that the trial court did its own calculation and properly preserved the amount owed.
 {¶ 35} Appellant's second assignment of error is without merit.
 {¶ 36} In her third assignment of error, appellant argues that the trial court's order granting credit to Nicholas Manser for various payments made was against the manifest weight of the evidence.
 {¶ 37} Gerijo, Inc. v. Fairfield (1994), 70 Ohio St.3d 223, 226, states:
 {¶ 38} "* * * [Judgments supported by competent, credible evidence going to all the material elements of the case must not be reversed, as being against the manifest weight of the evidence. C.E. Morris Co. v. FoleyConstr. Co. (1978), 54 Ohio St.2d 279 * * *, syllabus. We must indulge every reasonable presumption in favor of the lower *Page 11 
court's judgment and finding of facts. Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77 * * *. In the event the evidence is susceptible to more than one interpretation, we must construe it consistently with the lower court's judgment. See Ross v. Ross (1980),64 Ohio St.2d 203 * * *." (Parallel citations omitted.)
 {¶ 39} In the case sub judice, the trial court issued a temporary order on August 22, 2002, requiring the escrow of $1,200 per month by Nicholas Manser for the benefit of both appellant and appellee. Specifically, the trial court indicated the following in its March 13, 2006 judgment entry:
 {¶ 40} "In its Order of August 22nd, 2002 the Court ordered Third-Party Defendant, Nicholas Manser, to pay $1,200 per month to be placed in escrow, but this was never accomplished.
 {¶ 41} "The Court finds that although the money was never paid as ordered, certain business related expenses including the mortgage payment on the business real estate of $775 per month along with real estate taxes, insurance and utilities were paid which enabled the business to maintain operations, increased its equity and in that regard benefitted both parties.
 {¶ 42} "The Court finds the value of these payments to be $1,000 per month."
 {¶ 43} Here, the $1,200 figure was the amount which Nicholas Manser was paying to lease the business premises and equipment at Niles Automotive. The Special Master testified that that figure was more than appropriate for the condition of the business premises. The Special Master indicated that he initially stopped in weekly to review the books. The Special Master monitored Nicholas Manser's business, which according to him, had little or nothing to do with what appellant and appellee may have *Page 12 
done. He stated that it took him four to six months before he realized that fact. The Special Master was still involved in the case, but did not review any further records.
 {¶ 44} It was agreed that Nicholas Manser did not follow the court's order with respect to escrowing the money. However, payments were made with that money to maintain the business premises. The payments included the mortgage of $775 per month, in addition to taxes, insurance, and utilities, as well as a business loan which totaled over $7,500. The payment of those debts exceeded $1,000 per month.
 {¶ 45} Based on the evidence before us, we cannot say that the trial court abused its discretion or acted against the manifest weight of the evidence by finding the value of the payments to be $1,000 per month.
 {¶ 46} Appellant's third assignment of error is without merit.
 {¶ 47} For the foregoing reasons, appellant's assignments or error are not well-taken. The judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, is affirmed.
CYNTHIA WESTCOTT RICE, P.J., concurs, DIANE V. GRENDELL, J., concurs in judgment only.
[1] Third party defendant, Nicholas Manser, is the son of appellee by a prior relationship. *Page 1