JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Plaintiff-appellant, Sandra Lewis Whitten (Sandra), appeals the trial court's adoption of the magistrate's decision issued by the Cuyahoga County Court of Common Pleas, Domestic Relations Division (domestic relations division), in favor of James Whitten (James) for overpayment of his child support obligation. For the following reasons, we affirm.
 {¶ 2} On July 29, 1982, Sandra filed a complaint for divorce against her husband, James. On January 20, 1983, the trial court granted Sandra a divorce and dissolved the marriage contract. The trial court granted Sandra custody of their minor child, Jamil Kader Whitten (Jamil) and ordered James to pay $35 per week in child support as well as necessary medical and dental expenses.
 {¶ 3} However, James failed to make his support payments, and Sandra filed several motions to show cause asking for arrearages and attorney fees, which were all granted by the trial court.
 {¶ 4} Thereafter, James apportioned the disability benefit he received from the Department of Veterans Affairs (VA) to Jamil from September 1, 1988 until July 1, 2002, in varying monthly amounts between $161 to $232. James failed to have these payments properly documented with the Cuyahoga Support Enforcement Agency (CSEA) as child support payments. James intended that these monthly payments serve in satisfaction of his monthly child support obligation. *Page 4 
 {¶ 5} On May 24, 2004, a supervisor at Charter One Bank notified James via letter that $30,327.01 had been withdrawn from his account, as ordered by GC Services, an authorized collection service for CSEA. GC Services distributed $3,104.45 to the Ohio Department of Human Services and $26,407.72 to Sandra as payment for past due support. CSEA authorized the collection of these funds after realizing that James failed to satisfy his court-ordered child support obligation to CSEA. It should be noted that Sandra never complained to CSEA in over seventeen years that she was not receiving child support.
 {¶ 6} On May 27, 2004, the trial court granted James' motion to add CSEA as new party defendant. James also filed a motion to impound funds intercepted by CSEA, a motion to dissolve financial institution account restriction, and a motion to correct arrearages. Because James failed to provide a signed entry with his motion to impound funds, the fines were dispersed.
 {¶ 7} On January 18, 2006, CSEA filed a motion to add GC Services as a new party defendant and a motion for leave to file a cross-claim against GC Services with respect to James' motion to return funds removed from his bank account. The court granted both motions.
 {¶ 8} On June 21, 2006, CSEA and GC Services filed a joint motion to transfer the case to the Cuyahoga County Court of Common Pleas, General Division (general division). *Page 5 
 {¶ 9} On July 27, 2006, the magistrate issued his decision with findings of fact and conclusions of law. The magistrate granted James' motion to correct arrearages, calculated as $28,086.47. The magistrate also granted GC Services and CSEA's joint motion to transfer the case to the general division for a ruling on James' motion to return funds intercepted by CSEA.
 {¶ 10} Thereafter, the trial court adopted the portion of the magistrate's decision that granted James' motion to correct arrearages, but vacated the magistrate's decision transferring the matter to the general division.
 {¶ 11} On August 2, 2007, Sandra filed a notice of appeal and asserted four
assignments of error for our review.
ASSSIGNMENT OF ERROR NUMBER ONE
 "Whether the trial court lacked subject matter jurisdiction over collateral issues of collection and alleged conversion of property in domestic relations matters."
 {¶ 12} Sandra argues that the instant case is a conversion action and, as such, the domestic relations division lacks subject matter jurisdiction to hear the case.
 {¶ 13} Sandra did not raise the issue of lack of subject matter jurisdiction with the domestic relations division. However,"[s]ubject matter jurisdiction under Civ.R. 12(H)(3) may be raised at anytime, even in the first instance on appeal." Barnoff v. Progressive Ins. Co.
(1998), 5th Dist. No. 1997 CA 00384, 1998 Ohio App. LEXIS 3101. *Page 6 
 "Where a court has no jurisdiction over the subject matter of an action or an appeal, a challenge to jurisdiction on such ground may effectively be made for the first time on appeal in a reviewing court." Jenkins v. Keller (1966), 6 Ohio St.2d 122, at paragraph five of the syllabus.
 {¶ 14} Regarding the determination of all domestic relations matters, R.C. 3105.011 reads as follows:
 "The court of common pleas including divisions of courts of domestic relations, has full equitable powers and jurisdiction appropriate to the determination of all domestic relations matters. This section is not a determination by the general assembly that such equitable powers and jurisdiction do not exist with respect to any such matter."
 {¶ 15} Thus, judges elected to the domestic relations division have the same power and jurisdiction as judges in the general division and therefore,
 "[t]hey shall have all the powers relating to all divorce, dissolution of marriage, legal separation, and annulment cases, except in cases that are assigned to some other judge of the court of common pleas for some special reason." R.C. 2301.03(L)(1).
 {¶ 16} In the case sub judice, Sandra cites to Lisboa v. Karner, Cuyahoga App. No. 86440, 2006-Ohio-3024, in support of her contention that the domestic relations division lacked subject matter jurisdiction to enter judgment against her.
 {¶ 17} In Lisboa, the parties to the divorce action hired an independent contractor to value and preserve the marital estate. Id. at _2. However, the parties to the divorce and the independent contractor entered into a fee dispute. Id. at _4. The independent contractor thereafter attempted to collect his fees as costs in the underlying divorce action. Id. at _4. *Page 7 
 {¶ 18} The Lisboa court recognized that creditors of parties in a domestic relations matter must sue their debtors directly as opposed to having a domestic relations court decide the matter. Id. at _7. In doing so, the court held that the domestic relations court lacked subject matter jurisdiction to hear the independent contractor's claim: "R.C.3105.011 has been consistently interpreted as excluding collateral claims and non-domestic relations matters from the jurisdiction of the domestic relations court." Id. at _13.
 {¶ 19} The instant case, however, is distinguishable fromLisboa because it involves collection of overpayment of child support, a subject matter entirely within the jurisdiction of the domestic relations division. See Nedel v. Nedel, 11th Dist. No. 2007-P-0022, 2008-Ohio-1025. ("[Overpayment of child support is a domestic relations matter ***.")
 {¶ 20} CSEA, through GC Services, collected the alleged child support arrearage and distributed the greater portion of the funds to Sandra for Jamil's benefit. This matter does not involve a third party creditor attempting to sue its debtors in domestic relations court as set forth in Lisboa. Nor do the facts of this case relate to other collateral and non-domestic relations matters, such as, claims for attorney fees from one's own client, for example. See Lisboa.
 {¶ 21} Thus, the domestic relations division did not lack subject matter jurisdiction, and Sandra's first assignment of error is overruled. *Page 8 
ASSIGNMENT OF ERROR NUMBER TWO
 "Whether the trial court erred and abused its discretion by ordering the void judgment issued by it into execution and by failing to vacate the judgment lien which resulted from the execution of the void judgment."
 {¶ 22} Sandra argues that in light of the fact the domestic relations division lacked subject matter jurisdiction as set forth in her first assignment of error, judgment in the instant case is void. However, in light of our ruling on Sandra's first assignment of error, her second assignment of error is moot.
ASSIGNMENT OF ERROR NUMBER THREE
 "Whether the trial court erred in finding that the apportionment from the Veterans' Administration is child support."
 {¶ 23} Sandra argues that the trial court erred when it held that the apportionment from the VA to Jamil was child support when, in fact, the payments were gifts.
 {¶ 24} "When reviewing an appeal from a trial court's decision to accept or reject a magistrate's decision, an appellate court must determine whether the trial court abused its discretion." Phillips v.Phillips, 11th Dist. No. 2006-A-0037, 2007-Ohio-3368. "The term `abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
 {¶ 25} R.C. 3121.45 pertains to payments that are not made through CSEA, and reads as follows: *Page 9 
 "Any payment of money by the person responsible for the support payments under a support order to the person entitled to receive the support payments that is not made to the office of child support, or to the child support enforcement agency administering the support order under sections 3125.27 to 3125.30 of the Revised Code, shall not be considered a payment of support under the support order and, unless the payment is made to discharge an obligation other than support, shall be deemed to be a gift."
 {¶ 26} When interpreting former analogous statute R.C. 2301.36, we held that the burden of proof in these circumstances lies with the payor spouse. Mihna v. Mihna, Cuyahoga App. No. 55056, 48 Ohio App.3d 303.
 "By placing the burden of proof on the payor spouse, R.C. 2301.36(A) creates a rebuttable presumption that monies not paid through the bureau of support [CSEA] are gifts. The placement of this burden of proof is appropriate since the payor spouse will typically be in the best position to explain the purpose of payments made in violation of the divorce decree. Id. at 305.
 {¶ 27} James concedes that he failed to make his payments through CSEA. Thus, pursuant to R.C. 3121.45, all money paid directly to Sandra is presumed to be a gift.
 {¶ 28} However, James argues that when he designated the apportionment from the VA for Jamil, he intended the apportionment to satisfy his child support obligation. In support thereof, the evidence reveals that James' VA disability benefit apportioned to Jamil was close in dollar amount to his child support obligation. The evidence further reveals that James contacted CSEA to notify them that his child support obligation was being satisfied through his VA disability benefit. (Tr. of Oct. *Page 10 
12, 2005 at 16.) In support thereof, Rajkumari Mendez (Mendez), an employee at CSEA, testified that he informed James that in order for the VA apportionment to be recognized as child support by CSEA, James must either file an agreed journal entry with Sandra to that effect or motion for a court order directing the same. (Tr. of Oct. 12, 2005 at 20). Accordingly, CSEA was on notice, prior to collecting amounts allegedly due and owing through Charter One Bank, that James was paying his child support obligation through an apportionment of his VA disability benefit.
 {¶ 29} Thus, although James failed to pay his child support obligation through the prescribed means, we cannot find that the trial court abused its discretion when it credited James for the direct payments intended as child support from the VA. To find otherwise would unjustly enrich Sandra and deprive James of a large portion of his life savings.
 {¶ 30} Sandra's third assignment of error is overruled.
ASSIGNMENT OF ERROR NUMBER FOUR
 "Whether the trial court erred and abused its discretion in substituting its judgment for the established policies, practices, and procedures of an administrative agency."
 {¶ 31} Sandra argues that the trial court usurped the administrative functions of the VA when it designated James' VA apportionment to Jamil as child support.
 {¶ 32} However, Sandra fails to cite to any authority in support of her contention that the trial court is prohibited from designating government benefits as *Page 11 
child support. In fact, Mendez's testimony demonstrates otherwise. Regardless, pursuant to App.R. 16(A)(7):
 "The appellant shall include in its brief, under the headings and in the order indicated, all of the following *** An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."
 {¶ 33} Furthermore, it is not our duty to develop an argument in support of Sandra's fourth assignment of error if one exists:
 "It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal. Moreover, it is not the duty of this Court to develop an argument in support of an assignment of error if one exists. As we have previously held, we will not guess at undeveloped claims on appeal. Further, this court may disregard arguments if the appellant fails to identify the relevant portions of the record from which the errors are based." State v. Franklin, 9th Dist. No. 22771, 2006-Ohio-4569. (Internal citations omitted.)
 {¶ 34} Sandra's fourth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to the Cuyahoga County Court of
Common Pleas, Domestic Relations Division, to carry this judgment into execution. *Page 12 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, ADMINISTRATIVE JUDGE.
 CHRISTINE T. MCMONAGLE, J., and MELODY J. STEWART, J., CONCUR. *Page 1